No. 13,819.

Rozman *v.* Allen, for Himself and on Behalf of Others
Similarly Situated.

(68 P. [2d] 440)

Decided May 17, 1937.

Messrs. Moynihan-Hughes, Messrs. Nourse & Dut-
cher, for plaintiff in error.

Messrs. Stone & Porter, for defendants in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Defendants in error were plaintiffs below, and plain-
tiff in error was defendant below. The parties herein
will be denominated as they were in the trial court.

The action was instituted by the plaintiff to enjoin the
obstruction by fences of a road which crossed the defend-
ant's stock-raising homestead. A temporary injunction

was granted, and, after answer was filed, a general demurrer was interposed by the plaintiff which was sustained and the injunction made permanent. Defendant elected to stand on his answer, particularly the third defense, as amended. While there are five assignments of error, the sustaining of the demurrer to the third defense, as amended, is the only one we need to consider for the purposes of this opinion.

It appears from the complaint that the plaintiff since 1905 had owned and operated a ranch in Oak Creek Valley, Gunnison county, and, with others similarly situated, had grazed his herds upon the open range in the surrounding territory; and that during all of said time he had used the driveway in question in moving his cattle back and forth to the mountain ranges, relying upon the Act of Congress passed in 1866 (R. S. U. S. §2477 [43 U. S. C. A., §932]), which granted to the public a right to establish highways over and across the unappropriated public domain.

In 1930 the defendant filed upon a 640 acre tract of land which was traversed by the driveway which the plaintiff, and others similarly situated, had been using for many years.

In December, 1916, the Congress of the United States passed the Stock-Raising Homestead Act (U. S. at Large, vol. 39, Part I, c. 9, p. 862), which provided inter alia that the Secretary of the Interior might withdraw from entry, lands necessary to insure access by the public to the watering places and such lands as might be needed in the movement of the stock to summer and winter ranges, or to a shipping point. Subsequent to this, the Gunnison County Cattle Growers' Association petitioned the Secretary of the Interior to establish a new driveway, which petition was granted.

The substance of this litigation is whether the defendant, under the circumstances, was entitled to fence off the old driveway, thereby compelling the plaintiff and others to use the new driveway in moving their cattle.

The third and further defense, as amended, reads as follows:

"1. All of the admissions, denials and allegations of this answer and of the first special defense are hereby realleged and incorporated herein by reference.

"2. Alleges that on or about the 29th day of December, 1916, the Congress of the United States passed an act commonly known as the Stock-Raising Homestead Act (39 Stat. 862), which said Act later was signed by the President of the United States and later became a law of the United States, and provides, inter alia, that the Secretary of the Interior may withdraw from entry lands necessary to insure access by the public to the watering places and such lands as might be needed in the movement of the stock to summer and winter ranges or to a shipping point.

"That after the passage of said Act and under the terms thereof there was withdrawn from filing by the Secretary of the Interior certain lands for the specific purpose of establishing a stock driveway 1320 ft. in width and such stock driveway, as the same pertains to the issues in this case and as the same is located in the vicinity of this land, is described as follows, to-wit:

"West half of the southwest quarter (W½ SW¼) of section twenty-eight (28), the west half of the west half (W½ W½) of section thirty-three (33), Twp. fourteen (14), south range eighty-five (85) west, N.M.P.M.

"That said stock driveway as so withdrawn and established is still open, available and accessible for the driving of livestock thereon.

"That said stock driveway as established by the Secretary of the Interior is not less than 1320 ft. in width throughout its entire length and that said stock driveway for 1¼ miles is adjacent to the easterly boundary of the land of this defendant and runs parallel for the entire length of the land of said defendant along the east line thereof and constitutes an established public way created for the purpose of driving stock to the summer range

and permitting their return in the winter and said driveway so established is in lieu and instead of all previous routes or trails used prior to the establishment of said driveway in the vicinity of the lands of the defendant and that such driveway was established by a duly constituted authority, to wit, the United States of America, in lieu and instead and place of any previous existing roads or trails or rights of way. * * *

"Defendant further alleges that the Gunnison County Cattle Growers Association is and at all times hereinafter stated has been an association of cattle growers in Gunnison county, Colorado, including the plaintiff herein and all persons similarly situated with him, that said association has at all times hereinafter stated acted through its president, secretary and the chairman of its board of directors; that said officials of said Gunnison County Cattlemen Growers Association, acting for its members, including the plaintiff and all persons similarly situated, on or about the 10th day of November, 1916, and acting on behalf of said Gunnison County Cattle Growers Association including the plaintiff and all parties similarly situated with him, filed with the Secretary of the Interior a petition and map, wherein and whereby petitioners prayed said Secretary of Interior to withdraw certain lands for stock driveways, including the driveway hereinabove described, and which runs parallel with and adjoins the six hundred and forty acre tract of land belonging to defendant, and select the same; that said petition and map was filed while the so called 640 acre stock grazing homestead act was pending and for the purpose of having the Secretary of the Interior set aside driveways that had heretofore been used by said Gunnison County Cattle Growers Association, including the plaintiff and all others similarly situated with him, and said driveways so sought to be established are shown by the petition and on the map which is attached hereto and marked Exhibit A, which said map was filed with said petition; that thereafter on the 17th day of November, 1917, the said Secre-

tary of the Interior did grant said petition, and ever since said time said driveways have been established and used by the Gunnison County Cattle Growers Association, including the plaintiff herein, and as shown by the petition and plat attached hereto and made a part hereof; that thereafter, in the year 1930, this defendant filed upon the 640 acre tract aforesaid which is the subject of this suit, and has continued in possession thereof.''

The question we are called upon to determine is: Do the allegations herein set out, if maintainable, constitute a good defense? We are of the opinion that they do.

Plaintiff's contention is that the allegation in said defense that the second driveway was established in lieu and instead of all previous routes or trails used prior to its establishment is a conclusion of law. We do not agree. Under the facts and circumstances here it is an allegation of ultimate fact which the defendant was entitled to prove.

The precise question involved has never been decided by this court, but in the case of *Nicolas v. Grassle,* 83 Colo. 536, 539, 267 Pac. 196, Chief Justice Denison used the following language: ''Nor do we overlook the instances of casual roads across public land for which new roads have been substituted by the public or by common consent. These are for consideration when they come before us.''

We think the facts and circumstances here respond to that situation and require final determination.

The judgment of the trial court, therefore, will be reversed and the cause remanded with instructions to overrule the demurrer to the third defense, as amended, and for further proceedings, not inconsistent with this opinion.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE YOUNG concur.