No. 17,940.

JOHN BOWEN, ET AL. *v.* EVERETT TURGOOSE.

(314 P. [2d] 694)

Decided August 26, 1957.   Rehearing denied September 16, 1957.

Mr. ROBERT DELANEY, Mr. KENNETH BALCOMB, for plaintiffs in error.

Mr. WILLIAM ATHA MASON, for defendant in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

138

IN the trial court defendant in error was plaintiff and plaintiffs in error were defendants. We will refer to the parties as they there appeared.

Plaintiff sought an injunction to prevent defendants from placing bars, gates and locks on what plaintiff alleged was a public road running through lands owned by defendant Verva Bowen; he alleged that defendants had blocked and locked said roadway and denied plaintiff and the public the use thereof.

Findings of fact and conclusions of law were entered in favor of plaintiff and from the injunctive writ issued in favor of plaintiff, the defendants bring error. For reversal it is urged (1) That the evidence adduced was insufficient to sustain the court's finding that the road existed and was used by the public since 1888 to 1953 when defendants forcibly stopped plaintiff from using the road; (2) That plaintiff's action is barred because of a quiet title decree embracing defendant's land, entered more than seven years prior to the institution of plaintiff's case; (3) That a Public Trustee's deed issued in 1926 under foreclosure of the lands now owned by defendants precluded this action; and (4) That the evidence did not adequately describe the location, width or course of said roadway, referred to in the evidence as Ward Gulch Road.

In essence, defendants claim that the Ward Gulch Road is a private road and may only be used with their permission. In his decision the trial judge said: "Defendants knew the situation when Verva Bowen bought the Lundgren property in the year 1950. [Lundgren conveyed to Verva Bowen.] She took things as they were. This included the right of the public in the Ward Gulch Road and such right could not be abrogated by the acts of the defendants. * * * They cannot bar the public from the use of Ward Gulch Road. The road belongs to the public." In his formal findings the trial court said: "The road remained for public use at all times since its inception * * *. Gates of permanent

nature were first placed upon the road by the defendants some time after defendant Verva Bowen acquired the Lundgren property in the year 1950, and such gates have been kept locked by defendants during the years 1950, 1951, 1952 and 1953; that plaintiff used the road in controversy since the year 1937, at which time the defendants interrupted and prevented plaintiff from further using said road."

It would serve no useful purpose to set forth the evidence in detail. Suffice it to say that the Ward Gulch Road was used by the public continuously from 1888 until 1953 when defendants blocked its use. True, it runs through lands owned by Verva Bowen.

A careful review of the record demonstrates that this road was and is a public road and was such prior to the issuance of a U.S. patent in 1892 to the predecessors in title to Verva Bowen. Lundgren, who conveyed to Verva Bowen recognized the existence of the road which the public has a right to use, when he used the following language in his deed: "Excepting therefrom any and all easements and rights of way heretofore granted," as did his immediate grantor, Mary Sheridan, who in her deed to Lundgren provided: "* * * excepting any and all easements and rights of way heretofore granted of a public and private nature." Prior to the issuance of the U.S. patent for the land now owned by Verva Bowen this road existed and was used by the public, and continued to be so used until defendants erected their locked barriers.

*Sprague v. Stead,* 56 Colo. 538, 139 Pac. 544 was an identical case. There a right of way was acquired and used prior to the issuance of a patent issued to a subsequent entryman. This court held: "An appropriation in this manner is made with the consent of the owner previously given, and when confined to a reasonably certain and definite line creates an easement for the purposes of a highway, and subsequent entrymen and

claimants take such land subject to that easement. [Citing case.]

"The road involved has been used by the public ever since it was established without objection until 1910. This is sufficient to show acceptance by the public of the congressional grant and establish that the title to this land was taken subject to the right of way for such road." See, also, *Nicholas v. Grassle,* 83 Colo. 536, 267 Pac. 196; *Leach v. Manhart,* 102 Colo. 129, 77 P. (2d) 652.

█ The quiet title decree referred to could not cut off the rights of the public to the use of this road. Such a decree binds only the parties to the action. Neither plaintiff, his predecessors in interest nor the public were parties to this action.

The making of "unknown persons" parties defendant in such an action is not sufficient to cut off the rights of the public in and to an easement. In *Hammond v. Johnson,* 94 Utah 35, 75 P. (2d) 64 it was held that an action to quiet title determines only that the prevailing party has title superior to, or is good as against title asserted by his adversary, and the judgment affects no one but the parties claiming by, through or under them, and did not affect any rights which the state or any other person, not a party or claiming under a party had or could assert to the property in question.

█ Public easements are not subject to the bar of the statute of limitations. *Dietman v. The People,* 76 Colo. 378, 232 Pac. 676; '53 C.J.S. p. 939. Under the record before us defendants cannot rely on the public trustee's deed issued upon foreclosure of a deed of trust executed by a predecessor in title of defendant Verva Bowen as a bar to plaintiff's action.

We have duly considered the other matters urged for reversal and find them to be without merit.

Judgment affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.