PAGELS v. OAKS ET AL.

1. **Highway**: ESTABLISHMENT OF: JURISDICTION OF SUPERVISORS AS AFFECTED BY PROOF OF NOTICE. It is not necessary, in order to give the county supervisors jurisdiction to establish a highway, that an affidavit of the publication of the notice required by § 936 of the Code be filed in the auditor's office. If "the auditor is satisfied," (Code, § 937,) that such notice has been given, it is sufficient, unless it is shown by a preponderance of the evidence that notice has in fact not been given.

2. ———: ———: POWER OF SUPERVISORS UPON SECOND PETITION. The fact that the supervisors had, not long before, established a road upon the same line, upon condition of the payment of certain damages, which condition was not complied with, wherefore the proceedings were dismissed, *held* not to preclude the board from establishing the road upon other proceedings subsequently begun by the same petitioners and others. *Hupert v. Anderson*, 35 Iowa, 578, distinguished.

3. ———: ———: ONLY ONE PERSON BENEFITED: LEGALITY. The fact that only one person will use the proposed road for the purpose of reaching other roads does not make it illegal for the supervisors to establish it; for such person has a right to have access to other roads, and the public has a right to have access to him. *Johnson v. Supervisors*, 61 Iowa, 89, followed.

*Appeal from Floyd Circuit Court.*

FRIDAY, JUNE 13.

THIS is a proceeding to determine upon *certiorari* the valid-

ity of the establishment of a certain alleged public road. The writ was granted and served upon the defendants as members of the board of supervisors of Floyd county. A return was made to the writ by the defendants, and a trial was had, and the plaintiff's petition was dismissed, and judgment was rendered against him for costs. He appeals.

*Starr & Harrison*, for apellant.

*Hand & Spriggs* and *P. W. Burr*, for appellee.

ADAMS, J.—I. The first question presented pertains to the notice required to be given to the owners or occupiers of the land crossed by the proposed highway or abutting thereon. The plaintiff's objection is stated in his petition in these words: "There is no proof on file in the auditor's office of Floyd county, nor does it appear, that the notice required by section 936 of the Code was ever published for four weeks in a newspaper printed in Floyd county or elsewhere; and there was no proof of publication of said notice ever made to the board of supervisors, and by reason thereof said board acted illegally, and had no jurisdiction to establish said road." To this the defendant made a return that "there was no proof of publication of notice as required by section 936 of the Code."

1. HIGHWAY: establishment of: jurisdiction of supervisors as affected by proof of notice.

The section above referred to does not contain any provision as to proof of publication. It merely prescribes the notice. The defendants must have meant, then, that of the notice required by section 936 there was no proof of publication; and by want of proof of publication we think that they must have meant that there never was filed an affidavit of publication.

If such filing was essential to give jurisdiction, it must be conceded that the road was never in fact established.

The question presented is not without importance. All questions of jurisdiction, indeed, should be approached with caution. A ruling in a given case sustaining an allegation of a want of jurisdiction is liable to be attended with far-

reaching consequences. To what extent roads have been established without proof of publication filed, it is impossible to know; but, as the statute is silent in regard to such requisition, it seems not improbable that the filing of such proof may often have been omitted. We should not be justified, then, in holding, in the absence of an express requisition, that the filing is jurisdictional, unless the necessity for it shall appear from the statute by plain implication.

When we look to the statute, we find that its provision in respect to evidence of the publication of notice is of the most general and indefinite character. Whatever provision there is is contained in sections 937 and 938 of the Code. The former provides in substance that, if the auditor is satisfied that notice has been served and published as required, and no claims for damages are filed, he shall proceed to establish the road, etc. The latter provides that if he is not thus satisfied he shall appoint another day and cause notice to be served and published, etc. By what evidence the auditor shall be satisfied, or in what mode the evidence by which he shall become satisfied shall be preserved, the statute does not provide. Proof of publication by affidavit of the publishers would seem to be sufficient, and, where such is the evidence, it would seem to be regular and advisable to file the affidavit as a convenient mode of identifying and preserving the evidence. But we can but think that the statute contemplates that the auditor may become satisfied in other ways, as by his own personal knowledge, for instance. The auditor, it is true, might act upon insufficient information. His determination, therefore, that notice had been duly published should, perhaps, merely cast upon those asserting the contrary the burden of proving the want of publication. That his determination should have that effect, at least, seems to be clear. We reach this conclusion from the language of the statute itself. "If the auditor is satisfied   *   *   *   he shall proceed" etc. No intervening step is required. The rule which we adopt in regard to the burden of proof could not ordinarily

impose any great hardship upon a person having occasion to contest the fact of publication. The establishment of a road is ordinarily a matter of such public notoriety that it could hardly escape for a long time the attention of any one entitled to object or claim damages; and the evidence of a want of publication would ordinarily be within easy reach.

In the case at bar, there is no pretense on the part of the plaintiff that notice was not in fact published, and the return of the defendants shows affirmatively and indisputably that it was.

The plaintiff cites and relies upon *Keyes & Crawford v. Tait*, 19 Iowa, 123. But the jurisdiction in that case was sustained, the court holding that at least one of two propositions might be sustained; either that filing was not necessary, or that the fact of filing might be inferred from the proven facts. It was said, it is true, by Mr. Justice DILLON, the writer of the opinion, that regularly the proof of notice should be on file and recorded. But he did not say that filing or recording was jurisdictional, nor was it necessary to rule upon such question.

II. Another ground upon which the validity of the establishment of the road is denied is, that the power of the board 2. ——: ——: had become exhausted, by reason of the fact that power of supervisors a road had already been established on the same upon second petition. line by proceedings wherein the present plaintiff was allowed damages.

The fact, as shown by the, record is that there had been other proceedings, but the same had been dismissed. It is unnecessary to set out the proceedings at length. It is sufficient to say that upon a petition of one F. Herber, and some others, a road was established on the line in question, in Sept., 1881, on condition, however, that the petitioners should by the second day of the October term pay the damages awarded, among which appears to have been an award of $50 to the present plaintiff. On the second day of the October term, no damages, as we infer, having been paid, the board

dismissed the proceedings.   Soon afterwards another petition was presented for the establishment of a road over the same line.   This petition was signed by a part of the persons who signed the first, and by several in addition.   Under this petition the proceedings were had which the plaintiff calls in question.

As the first order was made upon a condition which does not seem to be complied with, it was entirely proper for the board to order the proceedings dismissed.   Nor can we think that the proceedings had and dismissed precluded for all time the establisment of a road upon the same line.   We think that it was just as clearly within the discretion of the board to establish a road over this line,as if nothing had been done.   It is true that the time between the two proceedings was very short, and, if the second petitioners had been identical throughout with the first, and had shown no excuse for not paying the damages awarded, the board might, perhaps, have been justified, by reason of the first proceedings, if it had refused to grant a road on the second application; but we certainly cannot go so far as to hold that the first proceedings were such that the board had no further power in the premises. The case of *Hupert v. Anderson*, 35 Iowa, 578, relied upon by the plaintiff, differs from the one at bar in this, that the former proceedings had not been dismissed, and perhaps could not have been.   The opinion states that the plaintiff as a claimant of damages had appealed to the circuit court and obtained a judgment for three hundred dollars, which was ordered to be paid as a condition of the establishment of the road, no time appearing to have been fixed within which it should be paid.   The parties to the new proceedings were the same.   The first proceedings being still in force, the second would seem clearly to have been unwarranted.

III.   The plaintiff avers that the road is a private road, and that the board for that reason acted illegally in establish-

3. ——: ——:
only one per-
son benefited:
legality.

ing it.   As showing that the road is a private road, he avers that only the petitioner, Herber, is benefited by it.

The south end does not terminate in another road.  Herber lives near the south end.   Possibly he is the only person who would use the road for the purpose of reaching other roads, though this does not very clearly appear.   But Herber has a right to have access to other roads, and the public has a right to have access to him.   *Johnson v. Board of Supervisors*, 61 Iowa, 89.   We see no error in the rulings of the circuit court, and the judgment must be

AFFIRMED.