## No. 9084.

### GREINER ET AL. *v.* BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY.

1. STATUTE—*Public Need not be Pleaded.* Bill to restrain the county from occupying certain lands as a public road. The answer claimed the premises "as such public highway....by full right and authority of law", Held that defendant was entitled to avail itself of the act of Congress of July 26, 1866, without pleading it.

2. PUBLIC LANDS—*School Section—Reservation of,* in the act for the erection of the territorial government did not take effect until a survey of the land under authority of the United States.

.3. —— *Grant of Way—Acceptance.* The grant made by sec. 4919 U. S. Comp. Stat, 1916, of a way over the public lands for public highways, is accepted by public use and travel, while the lands still retain their public character; and subsequent purchasers take subject to the easement.

*Error to Park District Court, Hon. James L. Cooper, Judge.*

Mr. G. K. HARTENSTEIN and Mr. HARRY L. McGINNIS, for plaintiffs in error.

Mr. M. I. O'MALIA and Messrs. DANA & BLOUNT, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court:

Plaintiffs, claiming to be the owners of section 16, township 11 south, range 76 west, of the sixth principal meridian, brought this action to restrain the commissioners of Park County, in which the land is located, from occupying a strip of land across the section for road purposes, alleging that the county had attempted to take the statutory steps to open a public highway across their land, but that

the proceedings were irregular and conferred no authority on the county to open such a road.

The county, answering, admitted that it claimed the strip of land as a public highway, alleging that it is claimed, used, held and occupied as such by the defendant by full right and authority of law. It admits the attempted statutory proceedings to establish a highway were insufficient, but alleges that the strip of land was used by defendant as a public highway, at the time of the commencement of this action, and for twenty years and more continuously prior thereto.

On the trial and before the introduction of any testimony the attorney for defendant announced that the county did not rely upon the statutory proceedings, which were admitted to be insufficient, for a dedication of the land, but relied upon a prior grant under the Act of 1866 of the Federal statutes. Thereupon plaintiffs introduced evidence establishing their title to section 16 under and by virtue of a patent from the State of Colorado of date December 24, 1908, and after showing that there was no public record of any road across the land, rested. Counsel for the county then made the following statement: "We claim a right to the road under the Congressional Act of 1866, giving and ceding to the public roadways over public domain that has not already been appropriated for public use. * * * We claim a right dating from the ownership of the government of this land, and under the Act of Congress of 1866." Evidence was then introduced showing that there had been a public traveled road across the premises of plaintiffs on the land claimed as a highway, as early as 1871, and that it had been continuously used as such from that time down to the date of the commencement of this action.

The court found in favor of defendant, entered a judgment of dismissal, and plaintiffs bring the case here on error, asking that the judgment be reversed, because:

First. The findings and judgment are based upon an issue not in the case, for the reason that defendant abandoned its right based upon the statutory proceedings to

establish a highway; abandoned its defense under the plea of adverse user for twenty years, and recovered under the Federal Act of 1866, which was not pleaded, and could therefore not be interposed as a defense, thereby constituting a fatal variance between the pleading and proof.

Second. That the Congressional Act does not apply to the land involved, because at the time of the passage of the Act of 1866, section 16 had been reserved for public use as school land, so that the right of way grant did not attach.

Third. The grant of a right of way over the land was not accepted while the land was a part of the public domain, or at all.

1. There is no variance established by the record between the pleading and proof. The answer alleges: "That the strip of land is claimed, used, held and occupied as such public highway by said defendant, by full right and authority of law." Before the trial, and again before the introduction of defendant's evidence, it was announced that defendant claimed the right to the road under the Congressional Act of 1866, which was sufficient to permit the introduction of proof to support this claim. It was not necessary to specifically plead the statute and there was no motion to make the answer more specific in this regard. This assignment, therefore, will be overruled.

2. Section 2477 of the U. S. statutes (U. S. Comp. Stat. 1916, § 4919), being the Act of 1866 to which reference has been made, reads as follows:

"The right of way for the construction of highways over public lands not reserved for public uses is hereby granted."

The organic act—approved February 28, 1861—providing a temporary government for the Territory of Colorado contains the following provision:

"Section 14. And be it further enacted, that when the land in the said territory shall be surveyed, under the direction of the government of the United States, preparatory to bringing the same into market, sections numbered sixteen and thirty-six in each township in said territory shall

be, and the same are hereby, reserved for the purpose of being applied to schools in the states hereafter to be erected out of the same."

It is the contention of plaintiffs that the Act of July 26, 1866 (Sec. 2477, U. S. Stats.), does not apply to the land involved, because, under the evidence, the earliest use of this road was in 1871, and that section 14, of the organic act, having been passed in February, 1861, reserving sections 16 and 36 for school purposes, took this section out of the purview of the statute, and at the time of the passage of the Act of 1866, section 16, here in question, was not public land.

It is not necessary for us, in this proceeding, to determine whether or not sections 16 and 36, commonly called school sections, were reserved for public use within the meaning of the term as used in section 2477. Section 14 of the organic act of 1861 says they are reserved for school purposes, but in construing it we must give effect to the entire section. When does the reservation take effect? The first clause of the section answers the question: "When the land in said territory shall be surveyed under the direction of the government of the United States." Clearly, until the survey was made, there was no reservation, because it was impossible to tell what particular part of the public domain would constitute sections 16 and 36, consequently the land in question would be a part of the public domain until the survey, at least. Plaintiffs introduced no evidence tending to show that a survey was made by the government prior to the inception of the road, and as a matter of fact, the government survey of this particular tract was not made until November, 1872. If, therefore, a right of way for the highway was granted over the public domain in 1866, and the grant was accepted and the road laid out and used prior to November, 1872, section 2477 would apply.

3. Being of the opinion, as we are, that section 2477 is applicable to this case and that there was a grant of a right of way for a highway over the public domain here

involved, the remaining question is, was there an acceptance of the grant while the land was still a part of the public domain. Plaintiffs contend there was not.

Section 2477 (being Sec. 4919, U. S. Compiled Stats. 1916) is an express dedication of a right of way for a road over public lands not reserved for public use. The acceptance of the grant was effected by public user while the land was a part of the public domain. An appropriation in this manner was made with the consent of the government, previously given, and when confined to a reasonably certain and definite line, created an easement for the purpose of a highway, and subsequent claimants took such land subject to that easement. *Sprague v. Stead,* 56 Colo. 538, 139 Pac. 544.

The court found that the right of way was dedicated for this road by the Congressional Act of 1866; that the dedication was accepted by the public while the premises and line were a part of the public domain not reserved for public uses, by the actual and continuous use thereof by the public; and that it had been constantly and continuously used as and for a public highway since its inception. We think there was sufficient evidence to support these findings and the judgment will be affirmed.

Judgment affirmed.

Chief Justice Hill and Mr. Justice Scott concur.