## No. 11,980.

### Nicolas *v.* Grassle, et al.

Decided April 16, 1928. Opinion modified May 7, 1928.

Action to enjoin obstruction of a highway. Judgment for defendants.

## *Reversed.*

1. Highways—*Public Lands—Dedication—Acceptance.* Section 4919, U. S. Comp. Stats., 1916, granting rights of way over public lands for highways, is an express dedication, and use by those for whom it is necessary or convenient is an acceptance.

2. Public Lands—*Easements.* Entrymen on public lands take subject to rights of way for highways.

3. Highways—*U. S. Statutes—Construction.* It is not necessary to constitute acceptance of a right of way for a highway granted under U. S. Comp. Stats. 1916, § 4919, that construction work be done on the road. Actual use is sufficient and no action by governmental authority is required.

4.      *Character—Use.* The character of a road is not determined by the fact that but few persons use it; a road may be a highway although it reaches the property of but one owner.

5. Appeal and Error—*Fact Findings.* While fact findings of a trial court are conclusive on review, the appellate court may draw a legal conclusion from those facts different from that reached by the trial court.

*Error to the District Court of Gunnison County, Hon.
Straud M. Logan, Judge.*

Messrs. CATLIN & CATLIN, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES & KNOUS, for defendants
in error.

*Department Two.*

MR. CHIEF JUSTICE DENISON delivered the opinion of
the court.

NICOLAS brought suit against Grassle, et al. to enjoin
the obstruction of a road which he claimed was a public
highway. He was defeated and brings error. The judg-
ment must be reversed.

The plaintiff owned land in Duckett Park where in
summer he grazed sheep, of which he had several thou-
sand head. From the county road to this land there was
a road about 1⅝ miles long, which had been in use for
some years by the owner of Duckett Park, grantor of
plaintiff, while the land which it crossed was in the public
domain of the United States. While the road was there
the defendants entered lands which it crossed, as home-
steads, and used and still use the road so far as it is
necessary to reach and cross their respective lands.

Congress has enacted that "The right of way for the
construction of highways over public lands, not reserved
for public uses, is hereby granted." U. S. Comp. Stat.
1916, sec. 4919.

"This was an express dedication" and the use by those
for whom it was necessary or convenient was an accept-
ance. *Sprague v. Stead,* 56 Colo. 538, 543, 139 Pac. 544.
The entrymen took title subject, of course, to the right of
way.

The district court found the facts above stated, but
thought the word "construction" in the congressional

grant required that, to constitute an acceptance, work must be done on the road. We do not think so. The purpose of the act was to give every settler, however unable to build a road, lawful access to whatever land he chose to enter. If access is feasible without work with pick and shovel no such work is necessary, and it would be a mistake to hold that action by any governmental authority is required.

The relative amount of damage caused by the road to defendants and the expense of another road to plaintiff would possibly be relevant to a claim of way of necessity, but is irrelevant to the claim of a way based on a grant from the owner which the statute is. *Sprague v. Stead, supra.* Neither have matters relevant merely to rights of way by prescription any place here.

It is claimed that the road was not shown to be on a "reasonably certain and definite line." *Sprague v. Stead, supra,* p. 543. The findings of the court on this point are that "the lower half of the route traveled in early time is practically identical with the road as now traveled, but the upper half was over a different route, in some places as much as a quarter of a mile off the present route. It appears from the evidence that other persons have driven wagons over the road in question, hauling wood out, and salt in for live stock as well as other purposes * * * and before plaintiff acquired the land the road was used to drive stock in and out of the park and is still so used by the plaintiff." Again: "* * * There are two branches of the upper half of the road—a newer and an older branch. Both branches are plainly visible at places and barely discernible at other places."

The fact that there were two roads would not forbid the conclusion that the one in use when the defendants entered their lands was granted and accepted, or they might both have been accepted. There is no definite finding as to which of the two was old or new nor which, if either, was "the road in question" used as before de-

fendants' entry, or which, if not both, were in use when defendants entered. The learned judge of the district court, when resting his decision on the proposition that there was no acceptance because there was no "construction," doubtless, and rightly, thought that it was unnecessary to specially find on these points.

The "road in question," however, is, of course, the road mentioned in the evidence and pleadings and the finding is that it was in use before the defendants' entry; we must, then, say that the conclusion of the court that there was no acceptance was wrong, and that therefore the judgment should be reversed.

A road may be a highway though it reaches but one property owner. 29 C. J. 367. He has a right to access to other roads and the public has a right of access to him. *Pagels v. Oaks*, 64 Iowa, 198, 19 N. W. 905, 907. Its character is not determined by the fact that but few persons use it. 29 C. J. 367.

We do not overlook the proposition of defendants in error that the district court's findings of facts are conclusive, but, assuming those facts, we draw a different legal conclusion. This is sufficiently shown above. Nor do we overlook the instances of casual roads across public land for which new roads have been substituted by the public or by common consent. These are for consideration when they come before us.

From the evidence the real trouble apparently is that the plaintiff lets his sheep scatter and eat defendants' grass. One defendant testifies that they are willing to let him use the road with vehicles; but the only question before us is whether defendants may obstruct it. The question of his duty with respect to the scattering of the sheep is not in the record.

The judgment is reversed and the district court directed to grant the injunction according to the prayer of the complaint.

Mr. Justice Campbell, Mr. Justice Butler and Mr. Justice Adams concur.