No. 19,426.

JOHN F. MARTINO, ET AL. *v.* THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF PUEBLO.

(360 P. [2d] 804)

Decided April 3, 1961.

Mr. PHILIP J. CABIBI, for plaintiffs in error.

Mr. MATT J. KIKEL, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

DEFENDANTS in error, hereinafter referred to as the commissioners, filed an action in the district court of Pueblo county to enjoin plaintiffs in error from obstructing a certain highway known as Boggs Flat road. We will refer to plaintiffs in error as the Martinos. Following trial the court granted the injunction sought by the commissioners, and the Martinos seek review by writ of error.

February 2, 1959, the Martinos received a patent from the State of Colorado to a section of land to which we will refer as section 16. The adjoining section 15 is owned by one Bergemann. The particular portion of the road which the Martinos were obstructing ran on the section line between sections 15 and 16, a portion thereof running along the east side of section 16, another along the west side of section 15.

The Martinos, in their answer, justified closing of the road as follows:

"That plaintiffs have abandoned and given up all right to the easement and right of way alleged in the Complaint, if ever such right existed in plaintiffs, that heretofore plaintiffs have abandoned and ceased to use or exercise said purported highway and right of way for a number of years prior hereto.

"That defendants' predecessor in interest in and to the property described in Paragraph 3 of plaintiffs' Complaint was the State of Colorado and that no right of way or easement was ever obtained from the State of Colorado across said property and further that an easement or right of way by prescription cannot be asserted against the State of Colorado.

The trial court made findings of fact which include the following:

"That the road or highway in question is commonly known as the 'Boggs Flat County road' and sometimes as the Bergemann Road, and has been in existence and in use as a road since 1911 as shown by the County's

records, and as far back as 1906 by one of the witnesses.

\* \* \*

"That section 16, Township 22 South of Range 66 West of the 6th P.M. was property granted to the State of Colorado by the United States Government for lease or sale for the benefit of its schools; that, from about 1950 until 1958, the said section was leased by one Walter August Bergemann; that in December 1958 the defendants, Martino, entered into a contract of purchase for said section from the State of Colorado, and on February 2, 1959, the said defendants received their patent to the said section of land."

The trial court further found that the Martinos had barricaded the road and, with a gun, threatened the users of the highway to prevent removal of the obstruction; and further:

"That, under the evidence given before this Court, this road has been used notoriously as a highway for a period of at least fifty-three years prior to the present time; and that there were a few instances whereby permission was ever asked; and said road, to all intents, has been a highway open to the use of the general public for a long time.

"That formerly there were fences that prevented livestock from entering upon the highway, but said fences became in disrepair, and that the defendants stated that they would discontinue blocking said highway only if the County Commissioners would build them a new fence along their side of the said highway."

As grounds for reversal of the judgment it is argued by counsel for the Martinos that the road in question is not a "public highway" as that term is defined by pertinent statutory provisions.

C.R.S. 1953, 120-1-1 reads as follows:

"The following are hereby declared to be public highways:

"(1) All roads over private lands, dedicated to the public use by deed to that effect, filed with the clerk and

recorder of the county in which such roads are situate, when such dedication has been accepted by the board of county commissioners. A certificate of the clerk and recorder with whom such deed is filed, showing the date of such dedication and the lands so dedicated, shall be filed with the county assessor of the county in which such roads are situate.

"(2)   All roads over private or other lands dedicated to public uses by due process of law, and not heretofore vacated by an order of the board of county commissioners duly entered of. record in the proceedings of said board.

"(3)   All roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years.

"(4)   All toll roads or portions thereof which may be purchased by the county commissioners of any county from the incorporators or charter holders thereof and thrown open to the public.

"(5)   All roads over the public domain, whether agricultural or mineral."

C.R.S. '53, 120-3-2, originally adopted in 1921, and amended without change in so far as pertinence to this controversy is concerned, reads as follows:

"Public highways or roads. — All roads and highways which are, at the time of the passage of this article, by law open to public traffic shall be public highways, within the meaning of this article."

C.R.S. '53, 120-3-18, provides:

"The provisions of this article shall apply to state lands and school lands, as well as other lands."

It is contended by counsel for the Martinos that within the coverage of the above quoted statutes the road is not a public highway for the reason that it was never created "by law." It is argued that even though the road was in use for more than forty years, no prescriptive rights could be acquired by the public for the reason that until

the year 1959 the State of Colorado owned the land for school purposes, and no rights can be acquired against the state by prescription. It is further contended that C.R.S. 120-1-4 and 5 define the methods by which the commissioners could have acquired the right to establish a public highway over the land in question. Admittedly no action was taken under these statutes. In effect the contention is that as against school lands the sections of the statute last above mentioned provide the exclusive method of creating "by law" a public highway.

The attorney for the commissioners argues, with reference to that portion of the road which crosses section 16 owned by the Martinos, that a highway can be created by dedication and that C.R.S. '53, 120-1-4 and 5 do not set forth the only methods by which roadways can become public highways. In substance, his position is that the road in question is a public highway by virtue of a dedication by congressional grant of the lands over which it runs; that this express dedication for rights of way was accepted by user on behalf of the public; that the Martinos acquired their property subject to said rights of way and therefore have no right to prevent the use thereof by the public.

In 25 Am. Jur. 344 (§9) we find the following:

"Highways may be established by dedication, by prescription, or by the direct action of the public authorities. * * * "

From 16 Am. Jur. 350 (§6) we quote the following:

"One of the more common purposes of a dedication is to appropriate land for a highway. The use of land for a highway is essentially public. In fact, dedication is a common method of creating highways, * * *."

■ The question for determination is whether the road acquired the status of a public highway by dedication. It is provided by Title 43 U.S.C.A. 932 (adopted in 1866) that: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." In referring to this provision of the

148

U. S. Code this court in *Nicolas v. Grassle,* 83 Colo. 536, 267 Pac. 196, stated:

" 'This was an express dedication' and the use by those for whom it was necessary or convenient, was an acceptance. *Sprague v. Stead,* 56 Colo. 538, 543, 139 Pac. 544. The entrymen took title subject, of course, to the right of way."

In *Sprague v. Stead,* 56 Colo. 538, 139 Pac. 544, the court, also referring to the same provision, stated:

"This was an express dedication for a right of way for a road over the land belonging to the government not reserved for public use. The acceptance of such grant while the land was a part of the public domain may be effected by public use. An appropriation in this manner is made with the consent of the owner previously given, and when confined to a reasonably certain and definite line creates an easement for the purposes of a highway, and subsequent entrymen and claimants take such land subject to that easement. *Montgomery v. Somers,* 50 Or. 259, 90 Pac. 674; *Murray v. City of Butte,* 7 Mont. 61, 14 Pac. 656; *McRose v. Bottyer,* 81 Cal. 122, 22 Pac. 393; *Bequette v. Patterson,* 104 Cal. 282, 37 Pac. 917; *Wallowa County v. Wade,* 43 Or. 253, 72 Pac. 793; *Van Wanning v. Deeter,* 78 Neb. 284, 112 N.W. 902."

In *Leach v. Manhart,* 102 Colo. 129, 77 P. (2d) 652, we find the following:

"The premises considered, we think a statute of the United States enacted in 1866 (R.S. §2477, U.S. Comp. Stat. 1918, §4919, Title 43, U.S.C.A. §932), reading as follows: 'The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted,' is controlling. We have had occasion to consider that statute in varying situations. See *Sprague v. Stead,* 56 Colo. 538, 139 Pac. 544; *Greiner v. Board of County Commissioners,* 64 Colo. 584, 173 Pac. 719; *Dunbar v. Kohler,* 66 Colo. 272, 180 Pac. 739; *Nicolas v. Grassle,* 83 Colo. 536, 267 Pac. 196; *Korf v. Itten,* 64 Colo. 3, 169 Pac. 148. The sum of our holdings is that the

statute is an express dedication of a right of way for roads over unappropriated government lands, acceptance of which by the public results from 'use by those for whom it was necessary or convenient.' It is not required that 'work' shall be done on such a road, or that public authorities shall take action in the premises. User is the requisite element, and it may be by any who have occasion to travel over public lands, and if the use be by only one, still it suffices. 'A road may be a highway though it reaches but one property owner. 29 C.J. 367. He has a right to access to other roads and the public has a right of access to him. *Pagels v. Oaks,* 64 Iowa 198, 19 N.W. 905, 907. Its character is not determined by the fact that but few persons use it.'* * *."

In 1921 when the statute which now appears as C.R.S. 1953, 120-3-2, was adopted, the road here in dispute was being used by the public and had been so used for many years. That statute declared:

"All roads and highways which are, at the time of the passage of this article, by law open to the public traffic shall be public highways * * *."

The legislature in 1921 adopted the following statute (Session Laws 1921, p. 380):

"The following are hereby declared to be public highways: * * *

"Fifth — All roads over the public domain, whether argricultural or mineral, *"that are now or may be hereafter established* according to the provisions of this Act." (Emphasis supplied.)

The term "public domain" as used in this statute includes school lands. The road, well established at the time of the adoption of the 1921 statute, was a public highway at least from and after that date as declared by act of the legislature.

The judgment is affirmed.