No. 20,166.

TOWN OF SILVER PLUME v. GERALDYNE W. HUDSON, ET AL.

(380 P. [2d] 59)

Decided January 28, 1963. Rehearing denied April 8, 1963.

Messrs. Perricone and Perricone, for plaintiff in error.

Mr. Henry W. Luedde, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

This action was commenced in the district court of Clear Creek county by defendants in error to whom we will refer as plaintiffs, or by name. Defendants were the town of Silver Plume, F. H. Leach as County Treasurer, the State of Colorado, and several other persons who were named "individually, and as members and representatives of a class consisting of the general public and residents of the Town of Silver Plume * * *," who were making use of a "purported public way or easement over, through and across * * *" the property described in the complaint, the fee simple title to which was claimed by plaintiffs. Since the interests of defendants appearing in

this Court are synonymous with those asserted by the Town of Silver Plume, we will refer to them as the town.

The purpose of the action was to secure "a complete adjudication of the rights of all parties" with respect to the real estate in dispute. The area in controversy consists of a roadway leading into the main street of the town, which traversed portions of Lots 1, 2, 3, 4 and 5 in Block 5, Town of Silver Plume.

Plaintiffs claimed ownership of the disputed area under certain treasurer's deeds issued to Block 5 above mentioned, and asserted that the property acquired under said deeds was not subject to any easement for roadway purposes. The town by answer alleged in substance that it had acquired, by prescriptive right, an easement over said lots for highway purposes. The trial court found the issues of law and fact in favor of plaintiffs and entered judgment accordingly. The town seeks review by writ of error.

There is no dispute as to any material fact and the determination which we are called upon to make involves only the question of whether the trial court correctly applied the law.

Pertinent admitted facts are as follows: Prior to 1938 there was but one main highway entering the town from the east and it formed the main street within the limits of the town. In 1938 a new federal-state highway was constructed (the present U.S. Highway 6) which eliminated the former entrance into the town, and a new approach to the main street from the highway was needed. This need was declared by ordinance of the town on November 22, 1937, and the town employed one Criley to negotiate for the property over which the new roadway would pass; however there is nothing to indicate that any legal right was acquired by the town to make use of the needed land. Nevertheless the new roadway was constructed under an arrangement between the town, the county and the State of Colorado, and has been in constant use by the public since 1938. From 1938 to 1960

it was used, maintained, and serviced by the town in the same manner as all other streets in the town. Use of the roadway was open, notorious, and uninterrupted until 1960 when one of the plaintiffs attempted to block it off. The present action followed.

The trial court found that the original use of the roadway beginning in 1938 and continuing until 1945, was a permissive use, and that the period of time between those years could not be counted in determining the existence of a prescriptive right. If this period of time is excluded, admittedly the town has no prescriptive right. The basis of the court's finding of a permissive use is that, "* * * prior to 1938 the county of Clear Creek acquired a tax certificate to the said Block 5 * * *." The trial court further found that some of the plaintiffs acquired title to Lots 1 and 2 in said Block 5, by treasurer's deed in 1945, and that other plaintiffs acquired title by treasurer's deed to the remaining lots in said Block 5 in 1956. It was the court's conclusion, as to each of the parcels of land described in the treasurer's deeds, that the running of the time for acquisition of a prescriptive right began on the date of the issuance of the treasurer's deeds, and, using those dates as a starting point, held that no right had been acquired by the public by adverse use of the property.

On behalf of the town it is argued that issuance of tax sale certificate to the county did no more than to give the county a lien on the property; that the existence of that lien in no manner changed the effect of the use by the public as against the record owner of the land; that the consent of the county to the creation of such roadway does not amount to a "permissive use" the duration of which must be excluded from consideration on the question of prescriptive rights. It is further argued that the issuance of the treasurer's deed in and of itself does not erase the accumulated years of adverse use against the former title owners where the

prescriptive right claimed is an easement over the land for highway purposes, which easement has been enjoyed by the public for more than twenty years.

Questions to be Determined.

First. *Where real estate is sold for nonpayment of taxes and certificates of sale issue to the county, and thereafter the county assists in the building of a public highway across a portion of the land included in said tax sale, and otherwise consents to the use of such roadway by the public, and the highway is completed and is used openly, notoriously, and continuously for a period of seven years before treasurer's deeds are issued to persons to whom the county assigned the tax certificates; must the period of time from the commencement of the public use of the road until the date of the treasurer's deeds be excluded in computing the lapse of time essential to establish a prescriptive right?*

▐ This question is answered in the negative. The holder of a tax certificate does not become the "owner" of property sold for taxes at the time the certificate issues. Such certificate is not a conveyance of the title. The title remains in the record owner as it did immediately preceding the sale, and remains so until a treasurer's deed is issued based upon the certificate. The only person who can grant permissive use of the property which would not be adverse to the rights of the "rightful owner" is he who held title to the property prior to the tax sale.

In *Lovejoy, et al., v. School District No. 46, Sedgwick County,* 129 Colo. 306, 269 P. (2d) 1067, it was said:

"The very essence of adverse possession is that the possession must be hostile, not only against the *true owner,* but against the world as well. An adverse claim must be hostile at its inception, because, if the original entry is not openly hostile or adverse, it does not become so, and the statute does not begin to run as against a *rightful owner* until the adverse claimant disavows * * * " a holding by permission. (Emphasis supplied.)

The county of Clear Creek as the holder of a tax certificate, not being the "true owner" or the "rightful owner" of the property in dispute, could not give permission to any use of the property which would affect the rights of any of the parties to the action. For purposes of determining the existence of a prescriptive right to an easement under the facts shown here, the time began to run in 1938. In holding to the contrary the trial court was in error.

Second. *Where a prescriptive right by adverse use to an easement for a public highway is claimed over real estate which has been sold for taxes prior to beginning of the adverse use by the public, and tax deeds are issued by the county treasurer prior to the expiration of the prescriptive period, but the adverse use has continued without interruption for more than the required period of time if the use after issuance of the deeds is computed with that established prior thereto; does the issuance of the tax deeds wipe out any prescriptive right of the public based upon the adverse use of the highway prior to the issuance of the tax deeds?*

 This question is answered in the negative. It is argued on behalf of plaintiffs that "The issuance of the tax deeds created a virgin title to both Parcels A and B clear of all prior titles, liens, rights of possession or other claims." *Jacobs v. Perry, et al.*, 135 Colo. 550, 313 P. (2d) 1008, and *Harrison, et al., v. Everett, et al.*, 135 Colo. 55, 308 P. (2d) 216, are cited as authority in support of this assertion. In *Harrison v. Everett*, supra, we find the following language:

"Title by adverse possession vanishes when the treasurer issues his deed in accordance with law for unpaid taxes. 'The title by adverse possession thus disclosed against the original owner of the land disappeared when the land was sold for taxes under which the purchaser obtained the land free from the appellee's claim thereto.' *Harris v. Lollar*, (Miss. 1944), 17 S. (2d) 325. 'Clearly adverse possession prior to the creation of a tax title

lends not the least support to the title claimed thereafter.' *Gustaveson v. Dwyer,* 78 Wash. 336, 139 Pac. 194."

In *Jacobs v. Perry,* supra, we find the following:

"The treasurer's deeds created new titles to the mining claims clear of all prior titles, liens, rights of possession or other claims. This question is fully discussed in *Harrison v. Everett, et al.,* 135 Colo. 55, 308 P. (2d) 216, decided March 11, 1957, wherein we said: 'The issuance of a valid treasurer's deed created a virgin title erasing all former interest in the land.' See, also, *Flader v. Campbell,* 120 Colo. 66, 207 P. (2d) 1189; *McDermott v. Irrigation District,* 130 Colo. 44, 272 P. (2d) 995."

Neither of these cases involved the existence of an easement over privately owned lands for use of the public as a highway. The present action requires consideration of a statutory provision which was not before the trial court in those cases, namely, C.R.S. '53, 120-1-1. This section provides in pertinent part: "The following are hereby declared to be public highways:

\* \* \*

"(3) All roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years."

It is undisputed that the area in question has been used without interruption as a public highway for more than twenty years. It also is undisputed that during that period of time its use by the public as a highway was open, notorious, and adverse to the title of the owners of the land, both before and after issuance of the tax deeds. The cases relied upon by plaintiffs are clearly distinguishable from the case at bar upon the facts.

The judgment is reversed and the cause remanded with directions to the trial court to enter judgment for the defendants.

Mr. Justice Hall dissents.