777 P.2d 1326

Phyllis LUCHETTI, Plaintiff–Appellee,

v.

Joanne W. BANDLER,
Defendant–Appellant.

No. 10285.

Court of Appeals of New Mexico.

June 6, 1989.

Certiorari Denied July 27, 1989.

John S. Catron, Fletcher R. Catron, Geraldine E. Rivera, Catron, Catron & Sawtell, P.A., Santa Fe, for plaintiff-appellee.

Ronald J. VanAmberg, Roth, VanAmberg, Gross, Amarant & Rogers, Santa Fe, for defendant-appellant.

## OPINION

BIVINS, Chief Judge.

Plaintiff Phyllis Luchetti brought this action to enjoin defendant Joanne W. Bandler from trespassing on plaintiff's property. From a judgment enjoining her from trespassing on plaintiff's property, defendant appeals. She raises the following issues: (1) that the road in dispute is a public highway; (2) that defendant has an ease-

ment either by estoppel or by prescription; (3) that there was no abandonment of easement by defendant's predecessor. We affirm.

FACTS

Defendant is the owner of a home and approximately thirty acres of land northeast of the village of Tesuque, New Mexico. Leading up from the village in an easterly direction is a dirt road that winds around houses and ultimately enters United States Forest Service land. This road continues and enters property owned by plaintiff, which she and her former husband acquired from the Forest Service in 1970. At a point on plaintiff's property, a trail road running from south to north branches off and leads to defendant's house. It is this trail road that plaintiff sought to prevent defendant from using. The trial court found defendant had legal access to her property through two other easements; however, defendant contests the practicality of using these alternative routes on a regular basis.

## 1. *Public Highway*

Defendant relies on 43 U.S.C. Section 932 (1970), repealed by Pub.L. 94–579, 90 Stat. 2793 (1976), for the creation of a public road over plaintiff's land. This statute provided, "The right of way for the construction of highways over public lands, not reserved for public uses, is granted." New Mexico courts have interpreted this statute as an offer to dedicate any unreserved public lands for the construction of highways, which offer may be accepted by public use, without action by the public authorities. *Lovelace v. Hightower*, 50 N.M. 50, 168 P.2d 864 (1946); *Wilson v. Williams*, 43 N.M. 173, 87 P.2d 683 (1939). Public acceptance of this offer should be judged by the time, amount, and character of the public use "or any other evidence tending to prove or disprove acceptance." *Lovelace v. Hightower*, 50 N.M. at 54, 168 P.2d at 867.

The trial court found:

6. There has been no dedication of any roadway from the U.S. Forest Service road easement to Defendant's southerly property line as a public road, nor a public highway created by public user [sic] pursuant to 43 U.S.C. 932, and no acceptance as a public road of any road north from the Forest Service road to the northerly boundary of Plaintiff's aforesaid real estate; therefore the road detailed in evidence as the "trail road" (the road in controversy) has never been and is not now a public road.

While conceding that she had the burden of proving a public highway under Section 932, defendant argues that the above finding is not supported by substantial evidence, since the proof put on by defendant of public use was not contradicted by any substantial evidence from plaintiff.

We first discuss the nature of a public highway established by public use under Section 932. We then consider whether defendant met her burden. We conclude that the trial court did not err in finding no public highway had been created by public use. We read the trial court's finding to mean that defendant failed to sustain her burden of establishing a public highway.

The federal statute has been interpreted and applied on several occasions by the Colorado Supreme Court. *See, e.g., Martino v. Board of County Comm'rs*, 146 Colo. 143, 360 P.2d 804 (1961) (En Banc). It does not appear that the federal statute requires the same showing as is necessary to prove an easement by prescription. *See Lovelace v. Hightower.* However, the cases have not resulted in a very clear test. The public use must be confined to a reasonably definite and certain line. *Sprague v. Stead*, 56 Colo. 538, 139 P. 544 (1914). Acceptance by the public results from use by those for whom it was necessary or convenient. *See Leach v. Manhart*, 102 Colo. 129, 77 P.2d 652 (1938). A road may be a highway, although it reaches only one property owner. *Id.; see also Brown v. Jolley*, 153 Colo. 530, 387 P.2d 278 (1963). Acceptance by public use is preserved from

the moment that continuous use begins. *Uhl v. McEndaffer*, 123 Colo. 69, 225 P.2d 839 (1950).

It appears the intent of the federal statute, which was passed in 1866, was to record the federal government's acquiescence in the construction of public-sponsored highways as well as the building of roads by private industry, and to sanction the custom of taking public lands for common wagon roads. *Oregon Short Line R.R. v. Murray City*, 2 Utah 2d 427, 277 P.2d 798 (1954). The statute was enacted at a time when the national government encouraged expansion, exploitation, and development of public lands. *Wilkenson v. Department of Interior of United States*, 634 F.Supp. 1265 (D.Colo.1986). This suggests that the concept of acceptance by public usage is to be applied liberally.

■ Nevertheless, the public use necessary to constitute acceptance of the offer to dedicate under Section 932 cannot be a use that is "merely occasional" and not "substantial." *Ball v. Stephens*, 68 Cal. App.2d 843, 849, 158 P.2d 207, 211 (1945); *see Kirk v. Schultz*, 63 Idaho 278, 284, 119 P.2d 266, 268 (1941) ("casually and desultorily and not regularly used"). *See generally Hamerly v. Denton*, 359 P.2d 121 (Alaska 1961) (dedication not established by infrequent and sporadic use by sightseers, hunters, and trappers of dead-end road running into wild, unenclosed, or uncultivated land).

■ Section 932 applies to the land in question only between 1935 and 1970, since this is the only time the land was owned by the United States government and could have been public land. We have reviewed the evidence upon which defendant relies to establish public use during this time. George Pacheco testified that he and others would ride over the trail road on horseback and used the road to get down to the village. Ford Ruthling testified that the trail road was used by vehicles and the spring at the property attracted the general public, who used it as a watering hole.

During the 1960's, Ruthling testified, he saw tire tracks on the road and people traveled the road to have picnics and to pillage the burned-out house. Ruthling also testified that the road was occasionally impassable. Anita Ruthling Klaussen testified that people would use the trail road, park near the Ruthling fence, and then hike around. We note that the testimony concerning the county maintenance of the trail road could be interpreted as describing a private transaction rather than public maintenance of the trail road. Julia Carlson testified that the road could accommodate vehicles, but on cross-examination stated she meant it was wide enough to accommodate vehicles. Jack Daum, who lived near the bottom of the Forest Service road, testified that during the 1960's he would drive across the trail road, park at the Ruthling homesite, and hunt rabbits and explore the area.

Although this testimony may establish that the trail road was used, we cannot say that use to reach a single private residence, hike, picnic, or gather wood, or to reach a watering hole, was sufficient to require a finding of acceptance of the government's offer to dedicate the road as a public highway under Section 932. The trial court could have viewed the use as merely occasional and not substantial. *Ball v. Stephens*.

Moreover, it was for the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistent statements, and determine where the truth lies. *Montano v. Saavedra*, 70 N.M. 332, 373 P.2d 824 (1962). There was evidence from one of defendant's witnesses that the road was occasionally impassable. Plaintiff testified that the trail road was impassable and closed from 1970 to 1977. Mr. Griego's testimony concerning a survey done in 1972 tends to corroborate plaintiff. Jerry Honnell testified that the trail road essentially did not exist between 1969 and 1977 and was closed by wire until recently. Thus, the trial court could have doubted that the road was used as exten-

sively as testified to by defendant's witnesses. *Cf. Nunez v. Smith's Management Corp.*, 108 N.M. 186, 769 P.2d 99 (Ct.App.1988) (fact finder not bound to accept version of facts upon which an expert's conclusion is based).

In sum, the trial court was not required to accept in its entirety defendant's proof, and even if it had, it was not required to find a public road based on that proof. Therefore, defendant did not meet her burden of establishing a public road.

We need not address plaintiff's contention that Section 932 did not apply to this property even during the period of 1935–70, because the property did not come within the meaning of "public lands, not reserved for public uses."

### 2. *Easement*

#### (a) *By Estoppel*

█ We assume but need not decide that under New Mexico law an easement by estoppel may arise. Nevertheless, plaintiff's testimony provides substantial evidence to support the trial court's finding that she had no knowledge or notice of defendant's use of the trail road until shortly before filing this suit. We are not convinced that plaintiff must have been charged with knowledge of defendant's use of the trail road, since she was not a resident on the property and defendant had alternative access routes which she used in addition to the trail road. While the letter of July 20, 1983, from defendant's attorney does refer to a "road easement," it only requests use for utilities. No mention is made of use for access. Nor does the existence of tire tracks on the trail road require a finding of imputed knowledge of defendant's use of the trail road, since the tracks could have been made by anyone. Furthermore, the authority defendant cites regarding imputed knowledge concerned prescriptive rights rather than easement by estoppel. *Sanchez v. Dale Bellamah Homes of N.M., Inc.*, 76 N.M. 526, 417 P.2d 25 (1966); *Wilson v. Williams; Hester v. Sawyers*, 41 N.M. 497, 71 P.2d 646 (1937).

The trial court could properly find that defendant failed to establish that any knowing action or inaction by plaintiff induced defendant to act to her detriment. *See Young v. Seven Bar Flying Serv., Inc.*, 101 N.M. 545, 685 P.2d 953 (1984) (elements of estoppel); *Scott v. Jordan*, 99 N.M. 567, 661 P.2d 59 (Ct.App.1983) (acquiescence as species of estoppel requires knowledge of facts that would allow party to take action). In making this determination, we note that on appeal this court does not reweigh the evidence or determine the credibility of the witnesses, but considers the evidence in the light most favorable to the judgment. *Wilson v. Williams; Scott v. Jordan*.

#### (b) *By Prescription*

█ Defendant claims a right to use the trail road under a public easement by prescription. In her brief-in-chief, she cites to evidence she contends established such an easement between 1909 and 1920, and after 1970. The testimony concerning the use of the trail road after 1970 was conflicting. Tony Griego, who worked as a surveyor and observed the trail road in 1972 and 1978, testified that the trail road was completely eroded, not passable by vehicle, and fenced shut by a wire fence, and that it was obvious from the ruts and grass growing on the road that it had not been used for a long time. There was similar testimony that the road was not in use, was closed off by barbed wire, and was impassable throughout the 1970's.

Again we note that on appeal the reviewing court considers only evidence favorable to the findings of the trial court and does not weigh conflicting evidence or determine the credibility of witnesses. *Stone v. Turner*, 106 N.M. 82, 738 P.2d 1327 (Ct. App.1987). Although there may have been testimony that the road was traveled on horseback or foot from which the trial court could have determined other than it did, we do not consider this evidence on appeal. *See Jay Walton Enters., Inc. v. Rio Grande Oil Co. of Bernalillo County,*

106 N.M. 55, 738 P.2d 927 (Ct.App.1987) (other evidence from which court could have made different findings not error if there is substantial evidence to support judgment).

Defendant contends several photographs introduced provide undisputed physical evidence the road was open and usable. These photographs, taken in 1980, depict defendant's daughter and a red van. Defendant says these pictures show the road after it had been traveled by the van in 1980. We are not convinced that the physical evidence rule requires reversal, in that the 1980 photographs do not establish what route the van took and, despite defendant's assertion, fail to conclusively establish the condition or use of the road. *Cf. Ortega v. Koury*, 55 N.M. 142, 227 P.2d 941 (1951) (photograph of street showed no obstacles to prevent defendant from seeing child; court determined the physical facts left no room for a contrary conclusion).

Defendant also failed to establish each element necessary to create a public prescriptive easement prior to 1935. Although Defendant's Exhibit N depicts the existence of the trail road, defendant has not cited to any testimony establishing the use was open, notorious, peaceable, and uninterrupted for a period of at least ten years. *Herbertson v. Iliff*, 108 N.M. 552, 775 P.2d 754 (Ct.App.1989) (upholding finding that use of disputed portion of road by mobile home park tenants and their guests and business invitees was insufficient to establish public use of the parcel). *Cf. Sanchez v. Dale Bellamah Homes of N.M., Inc.* (depiction of road on United States geological map only one factor in imputing knowledge of use of road; parties conceded continuous, open, uninterrupted, peaceable, and notorious use).

In the present case, the trial court properly could determine that defendant failed to establish uninterrupted use of the trail road for a period of ten years. *See Village of Capitan v. Kaywood*, 96 N.M. 524, 632 P.2d 1162 (1981). *Cf. Matsu v. Chavez*, 96 N.M. 775, 635 P.2d 584 (1981) (trial court found surrounding landowners had continuously used established road).

### 3. *Abandonment*

It is not necessary to address defendant's issue regarding the abandonment of the trail road during the 1960's, since this finding is not necessary to the judgment. *See Newcum v. Lawson*, 101 N.M. 448, 684 P.2d 534 (Ct.App.1984) (findings unnecessary to decision cannot be basis for reversal).

Defendant's request for sanctions against plaintiff's trial counsel, Walter R. Kegel, is denied as being without foundation.

Finding no error in the trial court's judgment, we affirm.

IT IS SO ORDERED.

MINZNER and HARTZ, JJ., concur.