770 P.2d 870

H.K. WILLIAMS and Rose Lee
Williams, Petitioners,

v.

Alvin J. HOWELL, Lear W. Howell
and Richard L. Miranda,
Respondents.

No. 17972.

Supreme Court of New Mexico.

March 2, 1989.

Rehearing Denied April 12, 1989.

Thomas G. Fitch, Socorro, for petitioners.

John E. Keithly, Anthony, for respondents.

## OPINION

STOWERS, Justice.

We have granted certiorari to consider whether on a claim for adverse possession under color of title, extrinsic evidence, not referred to or identified in the deed, is admissible to cure an inadequacy in the deed description.

Plaintiffs-petitioners, H.R. Williams and Rose Lee Williams, initiated this lawsuit in 1986 to quiet title to certain real property located in Winston (formerly the Town of Fairview), Sierra County, New Mexico, and referred to as the Winston Store property. The district court quieted title to the property in the petitioners against the adverse claims of defendants-respondents, Alvin J. Howell, Lear W. Howell (the Howells), and Richard L. Miranda. We affirm the judgment of the trial court.

The petitioners alleged that the Winston Store property is a tract of land and improvements bounded on the north by New Mexico Highway 52, on the east by a street known as Broadway, and on the south and west by public roads called 7th Street and "B" Avenue, respectively. The Fairview

plat map recorded in 1885 shows the subdivision of the townsite into blocks and lots. When the plat is superimposed upon a drawing of the Winston Store property, it is apparent that the Winston Store property includes what is designated as Blocks 39, 40, 45, and 46, together with parts of two cross streets ("A" Avenue and 8th Street) separating the four blocks. For a substantial period of time, however, the Winston Store property also has been described merely as Block 40.

In June 1962, the Howells purchased a tract of land in Winston from the Johnsons. The legal description of their property referred to "Blocks 30, 31, 38 and 39, and 40, 45 and 46." The Howells in 1971 conveyed "[a]ll of Block No. Forty (40)" to G.S. Greer and Raymon Greer (the Greer brothers). In 1973 the Greer brothers deeded "[a]ll of Block No. Forty (40)" including a store to Kenneth and Cherrill Sullivan. The Sullivans thought they were purchasing "the entire Winston Store property." They conveyed "[a]ll of Block No. Forty (40)" to the Williamses on October 19, 1976. The Williamses also thought they were purchasing "the entire Winston Store property."

The June 30, 1971, warranty deed from the Howells to the Greer brothers described the property as "Block 40 Fairview, now Winston, New Mexico" and a correction warranty deed was filed by the Howells on September 10, 1971, which described the property as "ALL OF BLOCK NO. FORTY (40) IN THE ORIGINAL TOWNSITE OF FAIRVIEW * * * according to the Plat thereof on file * * *." Thus, deeds from the Howells, the Greer brothers, and the Sullivans contained identical descriptions of Block 40 and *referred in the deed to the original Fairview plat.* On February 8, 1986, the Howells conveyed to respondent, Richard Miranda, and to B.T. Miranda the tract of disputed land that is the subject matter of this action.

Miranda does not dispute the Williams' ownership of the store itself, but does make claim to a 1.405 acre parcel that is separated from the store property by a fence, old barn and corral. The petitioners are alleging that they purchased the Winston store, the house, the barn and all other improvements and land within the block which is bounded by Highway 52, Broadway, and two other streets. They also state in their claim that sometime prior to February 1986 Miranda approached them asking to buy the vacant land in the rear of their property.

The trial court found that the disputed portion of the store property was contained within Blocks 39, 40, 45, and 46 of the Fairview plat; that "Block 40", however, constituted an adequate description to provide "sufficient color of title for the entire Winston Store Property"; and to the extent that "Block 40" is not one and the same as the "Winston Store Property", all of the conveyances from the Howells forward contained mistakes and should be reformed to describe the entire Winston Store property. The trial court also found that, during the thirteen years the Sullivans and the Williamses possessed the property, they had been in continuous possession of the disputed tract, had paid taxes on the disputed tract, and possessed and used the entire Winston Store property including the area of the disputed tract openly, continuously, notoriously, exclusively and in good faith under color of title adversely to any claimed interests of respondents.

In its conclusions of law, the trial court stated that respondents were estopped from claiming any interest in the disputed property; petitioners acquired title by adverse possession to the disputed land; the description "Block 40" on conveyances from the Howells and thereafter was intended to cover the entire store property; and all conveyances since the Howells must be reformed to describe the Winston Store property. From the judgment of the district court, the respondents appealed.

In its memorandum opinion, the court of appeals concluded the trial court erred in its conclusion that the petitioners had acquired title by adverse possession; that respondents should be estopped or barred by laches from claiming any interest in the disputed property; and that all conveyanc-

es from Howell forward should be reformed. The court reversed that portion of the decree quieting title in the petitioners to the disputed tract and remanded to the district court to enter an amended decree omitting the disputed parcel of land, which fell outside Block 40 of the original Fairview townsite plat. It affirmed that portion of the judgment relating to the tract of land upon which the store is located. We now reverse that part of the court of appeals' decision reversing the trial court, and reinstate the judgment of the trial court.

We hold that the trial court properly admitted extrinsic evidence to cure a deficiency in the petitioners' deed description to establish their adverse possession under color of title to the entire Winston Store property. A party claiming ownership of land by adverse possession must prove by clear and convincing evidence continuous adverse possession for ten years under color of title, in good faith, and payment of taxes on the property during these years. *Marquez v. Padilla*, 77 N.M. 620, 624, 426 P.2d 593, 596 (1967); *see also* NMSA 1978, § 37–1–22. This court has stated previously:

> The establishment of title by adverse possession is said to be based on the theory or presumption that the owner has abandoned the land to the adverse possessor. It has also been said that the doctrine of maturing title by adverse possession under color of title is that where one, in the exercise of ordinary care, is induced to enter upon and improve land because he has some written evidence of title that would naturally induce a layman to believe that it vested in him what it professed to pass, it would be unjust to enforce the right of another who brings no action until the end of the statutory period. [T]he doctrine of adverse possession * * * protects those who honestly enter and hold possession of land in the full belief that it is their own.

*Brylinski v. Cooper*, 95 N.M. 580, 583–84, 624 P.2d 522, 525–26 (1981)(citations omitted) (quoting 3 Am.Jur.2d *Adverse Possession* §§ 1, 2 (1962)).

In *Brylinski* this court addressed the following question: "what kinds of extrinsic evidence are admissible to cure the inadequacies of a deed description for the purposes of the color of title requirement?" *Brylinski*, 95 N.M. at 583, 624 P.2d at 525. After rejecting a line of older cases imposing the strict requirement that only extrinsic evidence referred to or identified in the deed is admissible to aid the description of a deed for purposes of the color of title requirement, we adopted the relaxed rule of more recent cases which allow the introduction of evidence not referred to in the deed. *Id.* Strict requirements for the validity of a deed have no application to the color of title requirement for adverse possession because the interests of the legal owner, the public, and a purchaser are adequately served by compliance with all elements of the doctrine of adverse possession.

We feel that the balance between the competing interests of the absent holder of legal title and the possessor of the property under some claim of right is best struck by our recent decisions which more freely allow the introduction of extrinsic evidence in aid of a deed containing an ambiguous or mistaken description. A possessor for the prescriptive period who has taken possession under a deed with a defective description may have as legitimate and sincere a claim to the property as the adverse possessor under a deed invalid due to a defect in the chain of title. The absent holder of legal title remains protected against squatters by the requirement that the possessor must show his claim of right by a document purporting to grant title and that contains a description of the property sufficient, with the aid of extrinsic evidence, to locate the property.

*Id.* at 584, 624 P.2d at 526. The introduction of such extrinsic evidence is governed by evidentiary and not substantive rules of law.

We are inclined to follow the rationale espoused in *Brylinski* and apply it to the facts in this case. The trial court had to determine what the parties intended to

convey when using the "Block 40" deed description. To make this determination, the court properly ruled on and permitted the introduction of extrinsic evidence not referred to or identified in the deed.

 The trial court correctly found that the entire Winston Store property was fenced on its perimeter by an ancient fence; that the property was shaped as a block surrounded by four public roads; testimony presented showed that the entire property was intended to be conveyed; and that petitioners and their predecessors had been in open possession of the property under a claim of right without objection or complaint by the respondents. There was substantial evidence to support these findings of fact and others relevant to this issue.

Accordingly, the judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C.J., and SCARBOROUGH, RANSOM and BACA, JJ., concur.