1998-NMCA-054

957 P.2d 1159

**Eutimio GALLEGOS, Lorella G. Gallegos, and Lee Aragon and his wife Michell Aragon, Plaintiffs–Appellees,**

v.

**The CITY OF LAS VEGAS, New Mexico, a Municipal Corporation, Defendant–Counterclaimant–Appellant,**

**and Les MONTOYA, City Manager, and Michael Marquez, City Community Development Director, Defendants–Appellants,**

v.

**Eutimio GALLEGOS and Lorella G. Gallegos, Counterdefendants-Appellees.**

**No. 18400.**

Court of Appeals of New Mexico.

March 10, 1998.

Donaldo A. Martinez, Las Vegas, for Appellees.

Dave Romero, Jr., The Romero Law Firm, P.A., Las Vegas, for Appellants.

## OPINION

HARTZ, Chief Judge.

{1} The City of Las Vegas (the City) appeals a district court judgment declaring that Eutimio and Lorella G. Gallegos (the Owners) had not violated the New Mexico Municipal Subdivision Act (the Act), NMSA 1978, Sections 3–20–1 to 16 (1979), and that consequently the other named plaintiffs are entitled to municipal utility services. The Owners originally acquired a twenty-

acre parcel located outside the boundaries of the City but within its extraterritorial zoning jurisdiction. Over the years they transferred portions of the property in seventeen separate transactions. The City asserts that those transactions created a subdivision within the meaning of the Act in 1992, 1993, 1994, and 1996, and that the Owners are therefore bound by the provisions of the Act. We affirm.

## DISCUSSION

■ {2} Section 3–20–1 of the Act states as follows:

A. "Subdivide" or "subdivision" for the purpose of approval by a municipal planning authority means:

(1) for the area of land within the corporate boundaries of the municipality, the division of land into two or more parts by platting or by metes and bounds description into tracts for the purposes set forth in Subsection B of this section; and

(2) for the area of land within the municipal extraterritorial subdivision and platting jurisdiction, the division of land into two or more parts by platting or by metes and bounds description into tracts of less than five acres in any one calendar year for the purposes set forth in Subsection B of this section.

B. The division of land pursuant to Paragraph (1) or (2) of Subsection A of this section shall be for the purpose of:

(1) sale for building purposes;

(2) laying out a municipality or any part thereof;

(3) adding to a municipality;

(4) laying out suburban lots; or

(5) resubdivision.

C. "Plat" means a map, chart, survey, plan or replat certified by a licensed land surveyor containing a description of the subdivided land with ties to permanent monuments.

The City contends that a subdivision was created if during one calendar year the Owners sold out of the original parcel two or more parcels of less than five acres each. But the district court entered a finding that:

[The Owners] have not divided their land into two or more parts into tracts of less than five acres in any one calendar year for the purposes of (1) sale for building purposes (2) laying out a municipality or any part thereof (3) adding to a municipality (4) laying out suburban lots or (5) resubdivision.

Because the City had the burden of proving that the Owners had created a subdivision, we construe the finding as a determination that the City had failed to satisfy its burden of persuasion. We will sustain a finding against the party bearing the burden of persuasion if it was rational for the fact finder not to be persuaded by the evidence supporting the party bearing the burden. *Lopez v. Adams*, 116 N.M. 757, 758, 867 P.2d 427, 428 (Ct.App.1993). We examine the evidence concerning each of the four years in question. The City does not assert that any of the property transfers was for the statutory purposes listed in paragraphs (B)(2), (3), (4), or (5).

*1992*

{3} The City contends that in 1992 the Owners engaged in three transfers covered by the Act. The Owners concede that one transfer was for a statutory purpose. The dispute between the parties relates to the two other transactions.

■ {4} One transaction was the sale of a seventeen-mobile-home trailer park on 1.353 acres. If the sale had been for the creation of a trailer park, it would likely be a "sale for building purposes ." *Cf. Sandoval County Bd. of Comm'rs v. Ruiz*, 119 N.M. 586, 588–89, 893 P.2d 482, 484–85 (Ct. App.1995) (creation of trailer park constituted a subdivision of land). But a sale cannot be for "building purposes" if the purchaser has no plans to build. Here, the sale was of an existing trailer park, and the City points to no evidence of any anticipated building or improvement of the trailer park. Apparently, the trailer park had been established prior to the effective date of the statutory restrictions. On the record before us, we affirm the district court's determination

that the City failed to prove that the sale was for a "building purpose."

**{5}** The other disputed transaction was an aborted sale. The Owners entered into a real estate contract for the sale of a tract and received $1000 as a first payment, but the contract was canceled several months later, still during 1992. The Owners contend that the transaction did not constitute a "sale" under the statute. We question that assertion but need not reach the issue. As the Owners point out, there is no evidence in the record regarding the purpose of the sale. Because the City does not direct our attention to any evidence regarding the purpose, we hold that the district court could properly find that the City had not satisfied its burden of proving one of the statutory purposes.

### 1993

**{6}** The City relies on two sales in 1993. The Owners concede that one sale was for a statutory purpose. The other transaction was the transfer of the Owners' long-existing home to their son. As with the sale of the trailer park, the City has failed to point to any evidence establishing that the transfer was "for building purposes." We therefore affirm the district court's holding with respect to 1993.

### 1994

**{7}** The City relies on three transactions in 1994. One was a transfer, apparently a gift, of a vacant lot from the Owners to a relative. The City points to no evidence of any proposed use for the lot. Even if an intra-family gift could be considered a "sale" under Section 3–20–1, the district court could properly find that the City had failed to establish that the sale was for "building purposes." *See Subdividing Land in New Mexico. A Guide for Subdividers, Land Use Administrators, Public Officials and Land Purchasers*, 222 (1984) (sale of tract for farming purposes, with no plans to build structure on the property, is not a "sale for building purposes").

**{8}** The other 1994 transactions both involved the same parcel. The Owners entered into a real estate contract to sell the parcel to one purchaser; that purchaser then canceled the contract and a second purchaser acquired the parcel. We agree with the Owners that the repeated sale of one parcel within the same year constitutes only one "division" of property. Even if the aborted real estate contract in 1994 should be considered a "sale," the second sale would not constitute an additional division of the land. We therefore affirm the district court with respect to 1994.

### 1996

**{9}** In support of its contention that the Owners divided the property twice in 1996, the City contends that in that year the Owners promised part of the original tract to one couple and that there is a 1996 warranty deed from the Owners to another couple. But, as pointed out by the Owners' answer brief, the City cites to no testimony or other evidence in support of its assertions. We need not consider a factual assertion in a brief that is not supported by references to the record below. *See* Rule 12–213(A)(3) NMRA 1998. We therefore affirm the district court with respect to 1996.

### Public Policy

**{10}** Finally, the City contends that public policy requires the finding of a subdivision in this case. To decide otherwise, according to the City, would undermine public efforts at controlling improper development. That argument, however, must be addressed to the legislature, not the courts. This Court has no authority to modify the requirements of a statute.

### CONCLUSION

**{11}** The only issue we decide today is whether the district court could properly find that the City had failed to prove that the Owners in any one year transferred two or more pieces of property for purposes set forth in the Municipal Subdivision Act. On that limited issue, we affirm the judgment below.

**{12} IT IS SO ORDERED.**

APODACA and BOSSON, JJ., concur.