# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANDERSON HILLS HOMEOWNERS**
**ASSOCIATION, INC.,**

Plaintiff-Appellee,

v.                                                          **NO. 28,666**

**RIEMA AULD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Richard J. Knowles, District Judge**

Landry & Ludewig LLP
Margaret C. Ludewig
Albuquerque, NM

for Appellee

Riema Auld
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from the district court's entry of summary judgment against her. We issued a calendar notice proposing summary affirmance on January 20, 2009.

Defendant has responded with a memorandum in opposition to our proposed disposition. Defendant has also filed several motions with this Court. We have considered the arguments made in Defendant's memorandum in opposition, and we remain unpersuaded. We therefore affirm the district court's entry of summary judgment. Additionally, as discussed further below, we see no basis to grant any of Defendant's motions, and they are therefore denied.

We will begin with Defendant's motions. On March 18, 2009, Defendant filed a motion requesting new trial on the grounds of newly discovered evidence post trial and breach of discovery. Rule 1-059 NMRA governs the proper procedure and time line for making such a motion. We do not address a motion for new trial made for the first time on appeal, and this motion is denied. Defendant also filed a motion to prevent entry of final judgment by Court of Appeals of all matters relating to claim #28666 (District Case # CV200708750) due to evidence (plot plan) withheld by Plaintiff in breach of rules 37, 31, 34 and the constitutional right and laws to due process and fraud published with the City of Albuquerque Zoning Department defining Plaintiff's property ownership as being owned by DR Horton to obtain a permit and a motion requesting new trial to address Defendants request for sanctions due to breach of discovery, newly discovered evidence, and published fraud. With respect to Defendant's request that we prevent entry of final judgment below, we note

that a final judgment has been entered by the district court in this case, and it is from that final judgment that Defendant appeals. The substance of Defendant's motions appears to be that evidence was withheld by Plaintiffs and that this Court should consider that evidence on appeal. However, Defendant has made these requests by previous motions to this Court, and those motions were denied on the basis that we do not review or impose sanctions for discovery violations for the first time on appeal, and we do not consider new evidence on appeal. *See Largo v. Atchison*, 2002-NMCA-021, ¶ 33, 131 N.M. 621, 41 P.3d 347 (stating that materials not before the court when it granted summary judgment will not be considered for the first time on appeal). For these same reasons, Defendant's renewed motions are denied.

Defendant also filed a motion requesting that all undecided motions are heard and decided upon by the trial court with the inclusion of the newly discovered evidence with-held by Plaintiff in the trial court and the fraud perpetrated to obtain a permit from the COA zoning. We construe this document as Defendant's memorandum in opposition as it responds to this Court's calendar notice proposing summary affirmance. We deny the request to consider evidence that was not before the district court. Finally, Defendant filed a motion on May 6, 2009, requesting summary reversal and again requesting imposition of sanctions for discovery violations and that we consider evidence that was withheld below. For the reasons

discussed above, we deny this request. This document also responds to our proposed summary affirmance. However, our rules of appellate procedure do not allow for the filing of multiple memoranda in opposition, so we will address the first memorandum in opposition filed on March 18, 2009. *See* Rule 12-210(D)(3) (stating that counsel shall have twenty days from service of the notice of proposed disposition to file "a memorandum" opposing the summary disposition). We now turn to the merits of Defendant's appeal.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. . . . We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992) (citations omitted). A party opposing summary judgment may not simply argue that evidentiary facts requiring a trial on the merits may exist, "nor may [a party] rest upon the allegations of the complaint." *Dow v. Chilili Coop. Ass'n*, 105 N.M. 52, 54-55, 728 P.2d 462, 464-65 (1986).

In this case, Plaintiff sought an injunction and declaratory judgment to establish that a wall located between Plaintiff's property and Defendant's property was located within the boundaries of Plaintiff's property. In support of Plaintiff's motion for summary judgment, Plaintiff introduced a survey that indicated that the wall between Plaintiff's property and Defendant's property did not conform to the actual property boundary and that the wall was located entirely on Plaintiff's tract. [Exhibit 1] Plaintiff's survey was sufficient to establish the location of the property boundary. *See Lopez v. Adams*, 116 N.M. 757, 761, 867 P.2d 427, 431 (Ct. App. 1993) (affirming the district court's determination of a property boundary based on a boundary survey). Once Plaintiff introduced this evidence, Defendant bore the burden of introducing evidence that would demonstrate the existence of a factual issue requiring trial on the merits. *See Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45 (discussing burdens on movant and non-movant in summary judgment proceedings). Based on our review of the record, Defendant did not introduce any competent evidence to dispute Plaintiff's survey. Additionally, at the hearing on the summary judgment motion, the district court gave Defendant thirty days in which to obtain a survey contradicting the results of Plaintiff's survey, and Defendant failed to do so. [RP 270-71]

Defendant argues that she did introduce evidence disputing Plaintiff's survey.

Defendant points to several documents that she submitted to the district court to demonstrate that the land she purchased from DR Horton included the land up to the wall. First, Defendant submitted a document entitled DR Horton Blossom Ridge Estates Included Feature Package, which has language stating "Block garden walls and gates are intended to provide a defined rear yard area but are not intended to provide complete privacy, security or protection for or from pets." [RP 33-34] However, this is not evidence that the property line between Defendant's tract and the HOA's tract is defined by the wall and therefore does not raise a genuine issue of material fact regarding the property boundary. Next, Defendant submitted portions of the Declarations of Covenants, Conditions and Restrictions for Anderson Hills Master Plan with language stating "Privacy walls are those walls constructed along the individual lot property lines between lots." [RP 35] However, based on our review of the record, the wall in question is not a privacy wall, but rather a "community perimeter wall." The evidence Defendant submitted relating to community perimeter walls does not contain an assertion that the community perimeter walls conform to the property line. Defendant submitted evidence that "[t]he Association and Owner whose property abuts the perimeter wall will structurally and cosmetically maintain the Community Perimeter Wall(s)." However, this is not evidence that the wall between the two tracts conforms to the property

boundary. [RP 37] Finally, Defendant points to the Improvement Location Report for the property which she argues indicates that the property line is defined by the wall. The Improvement Location Report contains a section "Specific physical evidence of boundary lines on all sides" with the words "See Above Sketch" typed next to it. [RP 11] The sketch appears to indicate that the wall between the tracts is on Plaintiff's property. Defendant argues however, that the Improvement Location Report must be referring to the wall as evidence of the property boundary because it could not be referring to anything else. [MIO 3] We disagree that this raises an issue of fact regarding the property boundary between the two tracts. The report does not contain any statement or assertion that the wall is on the boundary of the two tracts. [RP 11] For these reasons, we hold that Defendant's submissions do not create a genuine issue of material fact that would preclude entry of summary judgment. We therefore affirm the district court.

We understand that Defendant asserted below in her response to the HOA's complaint that her property was represented and sold to her as containing the land up to the wall between her tract and the HOA's tract. Defendant also argued that the HOA essentially acquiesced in the property boundary being determined by the location of the wall by its conduct. Defendant also makes these arguments on appeal. Defendant notes that the HOA acted as if the wall was the boundary between the two

7

tracts for several years and stood by silently while Defendant maintained the land on her side of the wall.  [MIO 5-7]  *See Tresemer v. Albuquerque Pub. Sch. Dist.*, 95 N.M. 143, 144, 619 P.2d 819, 820 (1980) (discussing the doctrine of acquiescence). However, based on our review of the record, Defendant did not introduce affidavits or any other form of competent evidence to support these allegations.  *See Gallegos v. State*, 107 N.M. 349, 352-53, 758 P.2d 299, 302-03 (Ct. App. 1987) (stating that when a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations of his pleading, but must set forth specific facts showing there is a genuine issue for trial by affidavits or otherwise); *Dow*, 105 N.M. at 54-55, 728 P.2d at 464-65 (stating that a party opposing summary judgment may not simply argue that evidentiary facts requiring trial on the merits exist, nor may it rely on allegations of the complaint).  Defendant's allegations in her response to Plaintiff's complaint are not competent to raise an issue of material fact.

For these reasons, we affirm the district court's grant of summary judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**ROBERT E. ROBLES, Judge**

9