This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NANCY LEWIS,**

   Plaintiff-Appellant,

v.                                                                      **NO. 31,210**

**TOM SHARPE and THE**
**SANTA FE NEW MEXICAN,**

   Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Nancy Lewis
Santa Fe, NM

Pro Se Appellant

Victor R. Marshall
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

   Plaintiff is appealing, pro se, from a district court judgment entered after a bench trial on her complaint for invasion of privacy and false light. We issued a

calendar notice proposing to affirm. Plaintiff has responded with a timely memorandum in opposition. We affirm.

Plaintiff continues to claim that the evidence supported her complaint for invasion of privacy and false light. *See generally McNutt v. N.M. State Tribune Co.*, 88 N.M. 162, 165, 538 P.2d 804, 807 (Ct. App. 1975) (recognizing tort of invasion of privacy). The tort of invasion privacy is broken down into four categories: false light, intrusion, publication of private facts, and appropriation. *See Moore v. Sun Publ'g Corp.*, 118 N.M. 375, 383, 881 P.2d 735, 743 (Ct. App. 1994). In this case, the district court, sitting as factfinder in the bench trial, entered a number of findings both as to the substantive facts and the credibility of the parties and reportage. [RP 201] Most importantly, the district court found that the reportage was substantially true and that Defendants acted with due care and without negligence. [RP 201] Although Plaintiff disputes the court's findings and credibility determinations, our standard of review compels us to defer to the court's findings because the record indicates that these matters were in dispute and substantial evidence supported the court's reconciliation of the disputed facts. *See Lopez v. Adams*, 116 N.M. 757, 758, 867 P.2d 427, 428 (Ct. App. 1993) ("It is for the trial court to weigh the testimony, determine the credibility of witnesses, reconcile inconsistent statements, and determine where the truth lies."). In light of our standard of review, we affirm the judgment.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**