This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37830**

**DEANNA TORREZ,**

Petitioner-Appellant,

v.

**ALEJANDRO ROJAS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Judge**

New Mexico Legal Aid, Inc.
Derek V. Garcia
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Petitioner appeals from the district court's order dismissing her petition for order of protection against Respondent, the alleged perpetrator of a sexual assault. The district court adopted the special commissioner's order of dismissal, which was recommended to the district court on grounds that there was no way the sexual assault Petitioner described could have occurred in the one- to two-minute time span depicted in a surveillance video, during which time the parties were being intimate in the backseat of Petitioner's automobile. [DS 4; RP 54, 64] We issued a notice proposing to

hold that this finding is not based on substantial evidence and therefore constitutes an insufficient basis upon which to deny and dismiss the petition for a protective order. [CN 6-7] We further proposed to reject Petitioner's other claims of error. [CN 7-10] Thus, we issued a notice proposing to reverse for insufficient evidence and remand for further proceedings. Respondent has filed a memorandum in opposition in response to our notice, and Petitioner has not filed any response to our notice. Without a response from Petitioner, we proceed to reject her other claims of error on the grounds stated in the notice. *See Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice."). Unpersuaded by Respondent's memorandum in opposition, we reverse and remand for further proceedings.

{2}    Respondent's memorandum in opposition does not dispute our understanding that the evidence consisted of Petitioner's own testimony about the incident; the testimony of a police officer, who provided a party-opponent admission of sexual contact; testimony of the SANE nurse that Petitioner's injuries were consistent with sexual assault; photographs of Petitioner's injuries; and a surveillance video. [DS 3-4] Detective A. Bassiri, who investigated the alleged rape, testified that Respondent admitted that he and Petitioner were being intimate in the backseat of Petitioner's car. [RP 55; DS 4] He testified that Respondent claimed the contact was consensual. [RP 55] The detective testified that Respondent then changed his statement and admitted that maybe it did go too far, and that he did hear Petitioner say, "stop, wait." [Id.] The detective testified that Respondent admitted that he remembered Petitioner seemed upset and not ready to engage in anything beyond kissing, and Respondent admitted to seeing Petitioner crying and upset in the immediate moments following the assault. [Id.] The detective testified that Respondent changed his story a third time and signed a revised statement that sexual contact had occurred, but that such contact was consensual. [Id.] Thus, there was not a dispute that some sexual contact and activity had occurred in the backseat of the car.

{3}    Petitioner's SANE nurse offered testimony about, and photographic evidence of injuries and redness to Petitioner's genitalia, as well as a bruise to her back. [RP 57] The SANE nurse confirmed that the pain Petitioner experienced during the examination and her injuries were consistent with sexual assault. [RP 58]

{4}    Respondent did not testify. [DS 4] It appears Respondent argued a consent defense to the allegation of sexual assault. [DS 4] Respondent's memorandum in opposition states there was also a dispute as to what sexual contact occurred. [MIO 7] Without Respondent's testimony, however, this appears to have been disputed by counsel. "[A]rgument of counsel is not evidence and does not establish facts." *State v. Estrada*, 2001-NMCA-034, ¶ 19, 130 N.M. 358, 24 P.3d 793.

{5}    There is no dispute the special commissioner recommended dismissal of the petition for order of protection on grounds that there was no way the sexual assault Petitioner described could have occurred during the one- to two-minute time span depicted in a surveillance video. [DS 4; RP 54] Petitioner quoted the basis for the

special commissioner's decision as follows: "This could not have happened [.] She was very detailed[.] Taking the underwear off, the digital penetration, and grabbing her pulling her farther, and the penile penetration[.] All that stuff could not have happened in one minute, it is just impossible." [RP 54]

**{6}** There is also no dispute that the only evidentiary basis for the finding was a surveillance video that Respondent states was provided to him by the state in connection with the related criminal case. [RP 56] It is undisputed that the video did not depict anything visually occurring in the backseat of the automobile, did not include any internal time markers, and was not accompanied by any analysis of whether the video was playing in real time, or whether the footage captured was motion-sensored, or was complete. [RP 57]

**{7}** While we are required to view the evidence in the light most favorable to the prevailing party and resolve all reasonable inferences in favor of the district court's decision, there must be *some* evidence upon which the district court based its decision. *State ex rel. Children Youth & Families Dep't v. Arthur C.*, 2011-NMCA-022, ¶ 27, 149 N.M. 472, 251 P.3d 729 (stating the standard of review); *see N.M. Taxation & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 ("The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." (internal quotation marks and citation omitted)). Further, although a district court may disbelieve evidence presented by a party with the burden of proof, we will affirm such a finding made against that party "if it was *rational* for the [district] court to disbelieve the evidence offered by that party." *Lopez v. Adams*, 1993-NMCA-150, ¶ 2, 116 N.M. 757, 867 P.2d 427 (emphasis added).

**{8}** Our notice stated that even assuming the video fully captured real-time events, it appeared there was no testimony or other evidence presented to support the finding that it was impossible for the sexual contact described by Petitioner, to have occurred in the backseat of the car within a matter of a few minutes. [CN 5-6] Respondent does not dispute this statement, but claims that the district court could properly make this finding based on a reasonable inference from the facts. [MIO 6] We agree that proof of a fact may be based on reasonable inferences from the evidence, but it may not be based on pure speculation or conjecture. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 (explaining that "an inference must be linked to a fact in evidence" and "is more than a supposition or conjecture" (internal quotation marks and citation omitted)). We are not persuaded it is reasonable to infer from the uncontradicted evidence that Petitioner's allegations were impossible. There is no indication that Petitioner described nonconsensual acts that required a prolonged process and would not be quickly achieved while Petitioner and Respondent were already in the throes of intimacy in the backseat of a vehicle. In the absence of direct evidence or evidence from which it would be rational to deduce that Petitioner's allegations of Respondent's nonconsensual acts necessarily required more than a minute or two to commit while Petitioner and Respondent were having intimate sexual contact, we hold the finding is not supported by substantial evidence. *See State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658 ("Substantial evidence is such relevant evidence that a

reasonable mind would find adequate to support a conclusion." (internal quotation marks and citation omitted)); *Lopez*, 1993-NMCA-150, ¶ 2 (providing that we may affirm a finding made against the party with the burden of proof "if it was rational for the trial court to disbelieve the evidence offered by that party").

**{9}** To the extent Respondent disputes our notice's statement that there was never a dispute that sexual contact or activity had occurred in the backseat of the car, based on either argument of counsel below or the lack of clarity as to what sexual activity Respondent confessed to have occurred, [MIO 7] these claims do not supply contradictory evidence or change our analysis.

**{10}** For the reasons set forth in our notice and in this opinion, we reverse on grounds that the finding that Petitioner's allegations were impossible is not based on substantial evidence and may not be relied upon to dismiss the petition for a protective order. For purposes of remand, we emphasize for the special commissioner and district court that Petitioner's burden was not to establish that Respondent committed criminal sexual penetration beyond a reasonable doubt. Rather, Petitioner was seeking an order of protection under the Family Violence Protection Act (FVPA), which merely requires a finding based on the preponderance of the evidence that a sexual assault has occurred. *See* NMSA 1978, § 40-13-5(A) (2008, amended 2019); NMSA 1978, § 40-13-2(D)(1) (2018, amended 2019) (including in the definition of domestic abuse an incident of sexual assault); *see also United Nuclear Corp. v. Allendale Mut. Ins. Co.*, 1985-NMSC-090, ¶ 14, 103 N.M. 480, 709 P.2d 649 ("It is the general rule, not only in New Mexico but elsewhere, that issues of fact in civil cases are to be determined according to the preponderance of the evidence."); *State v. Gonzales*, 2017-NMCA-080, ¶ 18, 406 P.3d 534 (concluding that the term "sexual assault" in the FVPA means "offensive sexual contact with another person"). In accordance with these principles, we reverse and remand to the district court for further proceedings.

**{11}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JULIE J. VARGAS, Judge**