This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40053**

**SERGIO L. BARRAZA,**

Plaintiff-Appellant,

v.

**AARON SOLANO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Orlando C. Martinez Law, LLC
Orlando C. Martinez
Albuquerque, NM

for Appellant

Aaron Solano
Santa Fe, NM

Pro Se Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Plaintiff appeals from a judgment, entered after a bench trial, awarding him damages related to an automobile accident. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. We affirm.

**{2}** **Issues 1, 2**: Plaintiff continues to claim that the district court erred by relying on a police report of the accident. [MIO 2] *See* NMSA 1978, § 66-7-213(B) (1989) (stating that vehicle accident reports generally should not be admitted as evidence in court). In this bench trial, Plaintiff was testifying on his claim for damages when the district court

judge asked him a single question about the police report, which appeared to contradict his testimony. [DS 8-9]

**{3}**     Plaintiff concedes that he did not preserve the issue, but contends that the reference to the report amounted to plain error. [MIO 2] *See* Rule 12-321(B)(2)(b) NMRA. Plain error applies to "cases raising evidentiary matters in which the asserted error affected substantial rights." *State v. Garcia*, 2019-NMCA-056, ¶ 10, 450 P.3d 418 (internal quotation marks omitted). "When a plain error affects substantial rights, . . . an appellate court should exercise its discretion and reverse if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Paiz*, 1999-NMCA-104, ¶ 28, 127 N.M. 776, 987 P.2d 1163 (internal quotation marks and citation omitted). In determining whether there has been plain error, we "examine the alleged errors in the context of the testimony as a whole." *State v. Barraza*, 1990-NMCA-026, ¶ 18, 110 N.M. 45, 791 P.2d 799. The plain error rule is to be used sparingly as an exception to the preservation rule. *See Paiz*, 1999-NMCA-104, ¶ 28.

**{4}**     Here, we conclude that Plaintiff has not established plain error. First, even if we assume that Section 66-7-213(B) applies to police reports, Plaintiff listed the report on his exhibit list, bringing it to the attention of the district court. [MIO 3; RP 299] We thus deem any alleged error to be invited error because Plaintiff presented the report to the court. *See State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("It is well established that a party may not invite error and then proceed to complain about it on appeal.").

**{5}**     In addition, Plaintiff had the burden to establish the amount of damages. *See Hubbard v. Albuquerque Truck Ctr., Ltd.*, 1998-NMCA-058, ¶ 17, 125 N.M. 153, 958 P.2d 111 (noting vehicle damage is personal property damage). We thereby will affirm the district court's finding that Plaintiff failed to prove actual damage to the vehicle so long as it was rational. [RP 319, FOF No. 13] *See Lopez v. Adams*, 1993-NMCA-150, ¶ 2, 116 N.M. 757, 867 P.2d 427 (stating that "[i]f a finding is made against the party with the burden of proof, we can affirm if it was rational for the [district] court to disbelieve the evidence offered").

**{6}**     Defendant claimed that the cost of repair of the vehicle exceeded its value, which he claimed was $4,850. [RP 314, RFOF Nos. 12-13] Plaintiff had the burden to establish damages based on a "before/after" valuation. *See* UJI 13-1814 NMRA. The district court could rationally conclude that Plaintiff failed this burden because he did not provide any evidence to support his claim, other than his unsubstantiated assertion that the vehicle was damaged to the point that it was not worth repair. As a result, any alleged error in the district court's reference to the police report did not rise to a level of unfairness that would permit relief under the plain error rule.

**{7}     Issue 3:** Plaintiff claimed in his docketing statement that the district court's questioning amounted to a violation of Rule 11-614 NMRA, which permits a judge to question a witness, so long as it does not affect the fairness of the trial. Our calendar notice proposed to affirm on this issue. Plaintiff provides no new argument, and we therefore deem the issue to be abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶

8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{8}     For the reasons set forth above, we affirm.

{9}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**