This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40831**

**JOE Y. ARREDONDO,**

Plaintiff-Appellee,

v.

**JOSE ARREDONDO, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Amber Chavez Baker, District Court Judge**

Joe Y. Arredondo
Albuquerque, NM

Pro Se Appellee

Jose Arredondo, Jr.
Peralta, NM

Pro Se Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant is appealing from an order that extends Plaintiff's order of protection, and an order rejecting Defendant's claim that Plaintiff committed an act of domestic abuse. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, as well as a motion for rehearing. Because a motion for rehearing only applies to an attempt to rehear a disposition that has already been filed, *see* Rule 12-404(A) NMRA, we construe Defendant's motion as part of his memorandum in opposition. Not persuaded, we affirm the district court.

**Sufficiency of the Evidence**

**{2}**     Defendant continues to claim that the evidence is not sufficient to support the extended order of protection; he is also challenging the rejection of his claim that Plaintiff was the abuser in this case. When considering a sufficiency of the evidence claim, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party. *State ex rel. Child., Youth & Fams. Dep't v. Arthur C.*, 2011-NMCA-022, ¶ 27, 149 N.M. 472, 251 P.3d 729, *superseded by statute on other grounds as stated in State ex rel. Child., Youth & Fams. Dep't v. Tanisha G., 2019-NMCA-067, ¶ 11 451 P.3d 86.* The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached. *See id.* "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *State ex rel. King v. B & B Inv. Grp., Inc.*, 2014-NMSC-024, ¶ 12, 329 P.3d 658 (internal quotation marks and citation omitted). We also note that where a party has the burden of proof on a claim heard by the district court, this Court will affirm so long as it was rational to reject this claim. *See Lopez v. Adams*, 1993-NMCA-150, ¶ 2, 116 N.M. 757, 867 P.2d 427 (stating that "[i]f a finding is made against the party with the burden of proof, we can affirm if it was rational for the [district] court to disbelieve the evidence offered").

**{3}**     In the current case, Defendant's domestic abuse claim alleged that Plaintiff threatened and harassed him while Defendant was doing yard work. [RP 202] Defendant's assertion of abuse as well as the extension of the protection order were related to an incident that took place outside of Defendant's residence. [DS 2] We are not inclined to reweigh the facts of this incident because "[i]t is the sole responsibility of the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies[,] and we, as the reviewing court, do not weigh the credibility of live witnesses." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 23, 336 P.3d 436 (alteration, internal quotation marks, and citation omitted). We also note that the district court viewed a video of the incident before making its determination. [DS 2]

**{4}**     In his memorandum in opposition, Defendant's claims essentially raise issues of credibility, in that he believes his version of events is true. However, as we stated, credibility is an issue for the fact-finder, who may reject a defendant's version of events. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

### Exhibit Rulings/Bias

**{5}**     Defendant has also challenged alleged limitations on discovery or use of certain exhibits. Defendant continues to make these claims, primarily in his motion for rehearing, which we are treating as part of his opposition to our calendar notice.

**{6}**     Defendant has not established that the materials in question were relevant to the precise issue before this Court, or whether he established an adequate foundation for their admission. To the extent that Defendant is challenging the district court's rulings as

evidence of bias or even violations of his constitutional rights, we are inclined to reject the argument. *See State v. Hernandez*, 1993-NMSC-007, ¶ 44, 115 N.M. 6, 846 P.2d 312 (stating that adverse rulings or enforcement of the rules does not establish judicial bias). Again, Defendant's claims mostly involve matters of credibility, which we do not revisit. Finally, Defendant pointed out any error in fact or law in our calendar notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{7}** For the reasons set forth above, we affirm.

**{8}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**