This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41493**

**FERNANDO DIAZ,**

Worker-Appellant,

v.

**MAYORGA ROOFING CORP.;
and NEW MEXICO FOUNDATION
INSURANCE COMPANY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKER'S COMPENSATION ADMINISTRTION
Leonard J. Padilla, Worker's Compensation Judge**

LeeAnn Ortiz
Albuquerque, NM

for Appellant

**Evie M. Jilek
Albuquerque, NM**

for Appellees

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Worker Fernando Diaz (Worker) appeals from the Worker's Compensation Judge's (WCJ) fourth amended compensation order. In this Court's notice of proposed disposition, we proposed to summarily affirm. Worker filed a memorandum in opposition to our proposed summary affirmance, which we have duly considered. Remaining unpersuaded that Worker has shown error on appeal, we affirm.

**{2}** Worker's memorandum in opposition continues to reassert the same issues that we have already addressed and proposed to reject in our notice of proposed disposition. With regard to Worker's Issue A, Worker first argues that the WCJ's calculation of Worker's average weekly wage (AWW) is not supported by the evidence because the New Mexico Mutual Wage Statement (Wage Statement) is sufficient only to prove that Worker earned wages during three of Worker's approximate ten week term of employment.[1] [DS 2, 6] Worker contends that the Wage Statement cannot also support a finding that Worker earned zero wages for the seven weeks not accounted for in the Wage Statement. [MIO 1-7] This argument is not supported by the record, as Employer testified during his deposition that the Wage Statement accurately reflected Worker's gross earnings during the term of his employment. [1 RP 97-98] *See Ruiz v. Los Lunas Pub. Sch.*, 2013-NMCA-085, ¶ 5, 308 P.3d 983 ("In applying whole record review, this Court reviews both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact[-]finder." (internal quotation marks and citation omitted)).

**{3}** Further, the argument is contrary to the position Worker has taken throughout the pendency of the litigation: that the WCJ could rely upon Wage Statement as proof of the number of weeks actually worked by Worker during the term of his employment. [1 RP 217; 2 RP 331, 369, 372, 442; DS 7, 9] As such, Worker's contention that the Wage Statement does not sufficiently prove that Worker did not earn wages during the weeks not accounted for in the Wage Statement [MIO 1-7] and that it was "pure speculation" for the WCJ to rely on it for that purpose [MIO 2-3], is not well taken. *See McCauley v. Ray*, 1968-NMSC-194, ¶ 11, 80 N.M. 171, 453 P.2d 192 ("It is too well established for dispute that a party litigant may not invite error and then take advantage of it." (internal quotation marks and citation omitted)); *State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("It is well established that a party may not invite error and then proceed to complain about it on appeal."); *cf. Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court.").

**{4}** Worker's second argument in relation to Issue A is his claim that the WCJ erred in applying NMSA 1978, Section 52-1-20(C) (1990) because the "unusual circumstances" supporting the use of Subsection (C) directly resulted from Employer's failure to keep the legally required documentation of Worker's hours and wages. [MIO 7-14] However, as we explained in our calendar notice, the fact that "the parties disagreed on Worker's hourly wage and there were no official or otherwise documented wage records such as check stubs, regularly kept business records, tax returns, or a contract for hire" between Worker and Employee was only one of a number of reasons that led the WCJ to find that the nature of Worker's position was "unusual." [CN 4] Other bases

---

[1]According to the docketing statement, Worker's term of employment was 10.28 weeks, beginning on Monday, July 15, 2019, and ending on Monday, September 23, 2019. [DS 6] As the accident occurred on September 26, 2019, and the Wage Statement indicated that wages were paid through September 27, 2019 [MIO 1], we assume Worker's docketing statement referred to the term of employment by the week.

for the finding included, that Worker's hours were irregular, Worker stated that he did not intend to earn more than $14,000 per year, and Worker only worked a few days each month. [CN 4] Although Worker has asserted that the evidence was conflicting as to certain of these findings [MIO 10-12], we do not reweigh evidence on appeal. *See Lopez v. Adams*, 1993-NMCA-150, ¶ 2, 116 N.M. 757, 867 P.2d 427 ("It is for the trial court to weigh the testimony, determine the credibility of witnesses, reconcile inconsistent statements and determine where the truth lies."); *see also Herman v. Miners' Hosp.*, 1991-NMSC-021, ¶ 10, 111 N.M. 550, 807 P.2d 734 ("Whole record review is not an excuse for an appellate court to reweigh the evidence and replace the fact[-]finder's conclusions with its own.").

**{5}**     Finally, although Worker has argued that five of the cases relied upon in our notice of proposed disposition are factually distinguishable, the crux of his argument is that the wages in those cases were known, documented, or otherwise more easily ascertainable than Worker's wages. [MIO 12-14] We are not persuaded that the factual distinctions in these cases impact our proposed disposition, however, because we relied on those cases for the proposition that Section 52-1-20(C) is to be used when, as here, wages are not easily calculable or are otherwise irregular. [CN 4-5]

**{6}**     As to Issue B, Worker challenges the WCJ's findings of fact as either unsupported or contradicted by testimony from Worker and his coworker. [MIO 14- 20] In our notice of proposed disposition, we suggested that Worker's docketing statement appeared to provide only the facts Worker deemed most favorable to his appeal. [CN 7] *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that "the docketing statement must state *all facts material* to the issues" and explaining that "[t]his means that the docketing statement should recite any evidence which *supports* the trial court's findings" (emphasis added)); *see also Rhoades v. Rhoades*, 2004-NMCA-020, ¶ 5, 135 N.M. 122, 85 P.3d 246 ("Unchallenged findings of fact are conclusive on appeal."). Additionally, with regard to Worker's requested findings of fact, we noted that "the WCJ appears to have considered the evidence pointed to by Worker in his docketing statement, but to have concluded that the evidence did not support any dispositive facts." [CN 7]

**{7}**     In response, Worker's memorandum in opposition has simply reasserted those additional findings of fact which Worker believes the WCJ ignored and provided general challenges to some of the WCJ's findings of fact. [MIO 15-19] Based on our whole record review, however, Worker has again cherry-picked the testimony that he deems most favorable to his appeal, and otherwise ignored the testimony that supports the WCJ's findings and the analysis contained within our notice of proposed disposition. We are therefore unpersuaded by Worker's memorandum in opposition because it is premised on his argument that his view of the facts is the correct view of the facts and should have been adopted and accepted as true by the WCJ and now on appeal.

**{8}**     We remind Worker that it is not our role on appeal to reweigh the evidence. *See Lopez*, 1993-NMCA-150, ¶ 2; *Herman*, 1991-NMSC-021, ¶ 10; *cf. State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 ("The court should not re-weigh the evidence

to determine if there was another hypothesis that would . . . replace the fact-finder's view of the evidence with the appellate court's own view of the evidence."). And as we noted in our proposed disposition, "[e]rror does not result simply from the existence of reasons detracting from the WCJ's determination." [CN 7] *See Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341 ("Substantial evidence on the record as a whole is evidence demonstrating the reasonableness of an agency's decision.").

**{9}** Worker has not otherwise asserted any fact, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**